### HUNTER v. COLUMBIA &c. R. R. COMPANY.

1. APPEAL RECORD.—Papers embraced in the return, but not in the "Case" for appeal, may be referred to and used in the argument of counsel, and in the decision of the appeal.

2. COMMUNICATED FIRES—CASE CRITICISED.—The statute making a railroad company liable for fires communicated by sparks from its engines, without regard to negligence, is not unconstitutional. McCandless *v.* Richmond &c. R. R. Company, 38 S. C., 103, recognized and followed.

3. IBID.—NEGLIGENCE.—A complaint that alleged an agreement on the part of the defendant railroad company to remove plaintiff's gin house, a failure to do so, the firing of this building by sparks from a passing engine, and the destruction of gin house, cotton, and other property stored therein, by reason of defendant's negligence and carelessness in not moving the gin house and in setting fire thereto, states a common law cause of action, which may be maintained, notwithstanding the statute has authorized another action for damages resulting from all communicated fires on the right of way.

4. IBID.—IBID.—LESSOR.—Under the statute which makes every railroad corporation responsible for injuries resulting from fires communicated by its locomotive engines, all question of negligence is eliminated; but only the company operating the road is liable under this statute. Therefore, when such fire is communicated by the locomotive engine of a lessee, the lessor is not responsible for damages under the statute.

Before NORTON, J., Laurens, February, 1893.

Action by Henry M. Hunter against the Columbia, Newberry and Laurens Railroad Company, commenced January 6, 1892. The complaint was as follows:

The complaint of the above named plaintiff respectfully shows

to the court: (1) That the defendant is, and was at the times hereinafter mentioned, a corporation duly chartered under the laws of the State, and, as such, had constructed and was operating a line of railroad from Columbia, South Carolina, to Clinton, in the County of Laurens, and same State. (2) That the said defendant, before the construction of the said railroad, obtained from the plaintiff a conveyance for the right of way over his land, in the County of Laurens and State aforesaid, upon condition that it would move from the said right of way a gin house thereon situated, belonging to the plaintiff, to a point to be designated by the plaintiff, upon his premises; the said gin house not being included in the conveyance of the right of way as aforesaid. (3) That the said defendant constructed its road, the track being laid within four or five feet of plaintiff's gin house, on the defendant's right of way, but never moved the said gin house, as it agreed to do, although repeatedly requested by the plaintiff so to do. (4) That on the 20th day of November, 1891, the said gin house was set fire to by one of the defendant's locomotive engines, while passing the said gin house on the defendant's track, and was entirely consumed by the said fire. (5) That the said gin house was used by plaintiff as a general store house, and at the time it was burned contained twenty bales of cotton in the seed, one thousand and forty bushels of cotton seed, two tons of guano, one-half ton of acid phosphate, two cotton planters, three guano distributers, besides steelyards, cotton baskets, etc., all of which were burned. (6) That by the burning of the said gin house and contents, the plaintiff has been damaged in the sum of fifteen hundred dollars, the said damage having been caused by the negligence and carelessness of the defendant in not moving the said gin house, as it agreed to do, and in setting fire thereto with its locomotive engine as aforesaid. Wherefore, the plaintiff demands judgment against the said defendant for the said sum, and costs of the action.

*Messrs. Brawley & Barnwell,* for appellant.

*Messrs. Ferguson & Featherstone,* contra.

March 14, 1894.   The opinion of the court was delivered by

MR. CHIEF JUSTICE MCIVER.   The original plaintiff, Henry M. Hunter, brought this action to recover damages for the destruction by fire of his gin house and its contents, and he having died since the hearing below, the action has, by the order of this court, been continued in the name of the present plaintiffs as his administrators.

The complaint was not incorporated in the "Case" as prepared for argument here, but was embraced in the "Return" on file in this court; and as it has been frequently held that any paper embraced in the record constituting the "Return" which has been filed here may be inspected by the court, if deemed necessary to a full understanding of any question raised by the appeal, the court, against the objection of counsel for respondents, permitted counsel for appellant to refer to the complaint embraced in the "Return," as was man- ifestly necessary for a proper understanding of the questions presented by the appeal. The reporter will, therefore, embrace in his report of the case a copy of the complaint.

It appears from the evidence in the case, that at the time of the destruction of the gin house by fire, the defendant's railroad had been leased by the South Carolina Railway Company, and was then being operated by the last named company under said lease; and there was testimony tending to show that the fire originated from sparks escaping from a locomotive engine belonging to the South Carolina Railway Company, and, after verdict, such must be regarded as an established fact in the case.

The Circuit Judge instructed the jury that this was an action under section 1511 of the General Statutes, and, therefore, if they believed from the evidence that the gin house was set fire to and burned by sparks escaping from a locomotive running over defendant's railroad, the defendant would be liable, under that statute, even though they were, at the same time, satisfied that the road was then being operated by another company, the South Carolina Railway Company, as the lessee of the defendant company, and even though the said locomotive belonged to, and was being used by, the South Carolina Railway Company at the time. And he further instructed the jury, that the question of negligence, or of proximate or remote cause, did not enter into the case, as those questions, in a case like this, were eliminated by the section of the General Statutes above cited. The Circuit Judge also refused to charge, as requested by the counsel for defendant, that such statute was unconstitutional.

Under this charge the jury found a verdict in favor of the plaintiff, and from the judgment entered thereon, the defendant appeals upon the several grounds set out in the record, which, as we understand it, present three questions: 1st. Whether there was error in holding that the action was an action under the statute.    2d. If not, then whether the defendant, as lessor, could be made liable under the statute.    3d. Whether the statute was unconstitutional.

Inasmuch as the third question has already been distinctly decided in the recent case of *McCandles* v. *Richmond &c. Railroad Company*, 38 S. C., 103, which must be regarded as authoritative, whatever may be the individual opinion of one of the members of this court, the question is concluded here.

Recurring, then, to the first question, it becomes necessary to consider the allegations of the complaint, with a view to determine whether the action can properly be regarded as an action under the statute, in which all questions of negligence, or of proximate or remote cause, are entirely eliminated (*Thompson* v. *Railroad Company*, 24 S. C., 366), or whether it should not be regarded as an action at common law, where those questions are of vital importance.    Dr. Pomeroy, who is certainly very high authority upon questions of Code pleadings, tells us substantially that the very object and design of the pleading on the part of the plaintiff (the complaint) is that the defendant may be informed of the real cause of action relied upon by the plaintiff, in order that he may have an opportunity of meeting and, if possible, defeating it at the trial. *Pom. Rem.*, § 554.

Now let us examine the complaint, with a view to ascertain what information it conveyed to defendant as to the real cause of action relied upon by the plaintiff.    Omitting the formal parts, it sems to us that the allegations contained in the complaint substantially amount to this: that the plaintiff, in consideration that defendant would remove his gin house, which stood within a few feet of the track, to a point to be indicated by him, conveyed to the defendant the right of way for its railroad; that defendant, though repeatedly requested by the

plaintiff so to do, never removed the gin house; that said gin house was set fire to and destroyed by one of defendant's locomotive engines, while passing over the road; and that by reason of "the negligence and carelessness of the defendant in not moving the said gin house, as it agreed to do, and in setting fire thereto with its locomotive engine as aforesaid," the gin house and its contents were destroyed, whereby he sustained damages to the amount claimed. It seems to us that these allegations very clearly informed the defendant that the real cause of action which it was called upon to meet was the wrong done to the plaintiff by the negligence of the defendant; that negligence was the gist of the action. There is nothing whatever in the complaint to indicate to the defendant that it was sued upon the special and exceptional cause of action conferred by the statute; but, on the contrary, everything to show that it was the ordinary common law action, based upon the negligence of the defendant.

It cannot be claimed that the provisions of section 1511 supercede the right of action at common law, based upon negligence, for there is nothing in the section to indicate that the legislature intended to take away any previously existing right of action, and the contrary view is expressly recognized in *Rogers* v. *Railroad Company*, 31 S. C., 388; and in the recent case of *Kinard* v. *Railroad Company*, 39 S. C., 514, this court expressly adopted the same view in considering a case under another section of the same chapter of the General Statutes analogous to the section now under consideration, so far, at least, as this particular question is concerned. It seems to us, therefore, that the Circuit Judge erred in treating the case as an action under section 1511, and, on the contrary, he should have treated it just as the plaintiff elected to make it, as an ordinary action at common law, based upon negligence.

But even if the present case can be treated as an action under the statute, then the second question above stated must be considered, viz: whether, under the statute, the lessor can be made liable for the act of its lessee, on a special and exceptional cause of action created by the statute. While this question cannot, practically, arise under the view which

we have taken of the first question, yet, as it is an important question and has been fully argued, we will not decline to consider it. While it is quite true that in the case of *Harmon* v. *Railroad Company*, 28 S. C., 401, this court has expressly decided that a railroad company cannot, by leasing its road to another, escape the performance of the obligations which it assumes by accepting its charter, created by the charter on the general laws of the land, and is, therefore, liable for any negligence of its lessee, in the performance of such obligations or duties—a view to which we still adhere—yet here, it seems to us, a different question is presented. So much of section 1511 as is pertinent to the present inquiry reads as follows: "Every railroad corporation shall be responsible in damages to any person or corporation whose buildings or other property may be injured by fire communicated by its locomotive engines," &c.; and this statute, as we have seen, has been construed to mean that all questions of negligence are eliminated from any case arising under its provisions. This statute, therefore, creates a special and exceptional liability upon every railroad company for any damages done to the property of another by fire communicated *by its locomotive engines*, irrespective of any negligence on its part. The statute, therefore, must be strictly construed, and applied only to those whom it covers. It certainly does not, in express terms, cover any other railroad company than the one who owns the locomotive from which the fire may be communicated, as is evidenced by the use of the words, "its locomotive engines," and we see nothing in the section from which it may justly be inferred that the intention was to embrace any other company.

It seems to us that the Circuit Judge, in speaking of section 1511, erred in saying to the jury, "that that section, in connection with the other provisions of the statute in regard to the lease or rental of the railroad company to another, does make the defendant liable, if it had leased its road to the South Carolina Road, and if that engine was the engine of the South Carolina Road, who was operating it as lessee." The only other provision of the statute in regard to leases or rentals which have been brought to our attention, are those contained in sec-

tions 1415 and 1434 of the General Statutes, and neither of these sections contain anything to support the view taken by the Circuit Judge. Section 1434 simply authorizes the lease of a railroad by one company to another, besides other things not pertinent to the present inquiry, and section 1415, while providing that the *lessee* "shall be subject to the duties, liabilities, restrictions, and other provisions as they are set forth in this chapter, respecting or arising from the maintenance and operation of such railroads in the same manner as if it had been laid out and constructed by said latter corporation," the lessee, yet no provision whatever is there made as to any liability on the part of the *lessor*. The industry and intelligent research of counsel for respondents has enabled him to furnish us with cases from other States, which seem to support the view taken by the Circuit Judge; but these cases, though entitled to high consideration, are not authoritative here, and we are not inclined to follow them, as they may be, and doubtless are, influenced by statutory provisions which are not found here.

The judgment of this court is, that the judgment of the Circuit Court be reversed, with leave to plaintiffs, if they are so advised, to apply to the Circuit Court for such amendment as that court may deem proper.