M. V. STEWART, Appellee, v. IOWA CENTRAL RAILWAY COMPANY, Appellant.

**Railways:** . FIRES: NEGLIGENCE: PRESUMPTION: BURDEN OF PROOF. Under the statutes proof that a fire and resulting damage was due to the operation of a railway not only imposes upon the company the burden of showing due care, but raises a presumption of negligence which has the force of substantive evidence, even after proof of due care.

*Appeal from Mahaska District Court.*— HON. BYRON W. PRESTON, Judge.

WEDNESDAY, NOVEMBER 13, 1907.

ACTION at law to recover damages in the value of a stock of merchandise destroyed by fire. It was alleged in the petition that the building in which plaintiff's goods were situated was set on fire by sparks from a locomotive engine passing on defendant's railway, resulting in a complete loss of such goods. Negligence was alleged in that the

engine in question was not properly constructed, was out of repair, and, at the time, was being improperly and carelessly operated; that by reason of such negligent condition and operation fire escaped from said engine and caused the loss and damage complained of. The answer denied generally, and this was followed by an averment that the engine in question was properly constructed and equipped, and was in good repair, and that the same was properly and carefully managed. There was trial to a jury resulting in a verdict in favor of defendant. A new trial was granted on motion of plaintiff, and defendant appeals.— *Affirmed.*

*John I. Dillie, John O. Malcom* and *L. C. Blanchard* (*George W. Seevers,* of counsel), for appellant.

*Bolton & Bolton, Lacey & Lacey,* and *D. C. Waggoner,* for appellee.

BISHOP, J.— The action was brought in reliance upon the provisions of Code, sections 2055, 2056. The latter section reads as follows: " Any corporation operating a railway shall be liable for all damages  .  .  .  occasioned by fire set out or caused by the operation of such railway. Such damages may be recovered  .  .  .  in the manner set out in the preceding section," etc. The provision of section 2055 which is thus made applicable is in these words: " And to recover the same (i. e., damages) it shall only be necessary for him to prove the loss of or injury to his property." The trial court attempted to give construction to the statute provisions thus quoted, and, in the third instruction given, the jury was told that the burden was on plaintiff to establish that the fire complained of was set out by one of defendant's engines, and that the property destroyed was of some value; that proof of these facts was sufficient to make out a *prima facie* case of negligence on the part of defendant. The instruction then continued thus: " On proof of the setting out

of the fire, the law presumes negligence on the part of the defendant, but that presumption may be overcome by evidence, and the presumption is only sufficiently strong to shift to the defendant the burden, and this imposes upon the defendant the burden to establish due care, which is the converse of negligence." In granting a new trial, the court planted its ruling upon the express ground of error in such instruction. The reasoning on which the conclusion for error was reached is not reflected by any statement appearing in the record.

In support of the ruling, and relying upon the statute, counsel for appellee contend: First, that the instruction was erroneous, in that thereby the jury was told that the presumption arising from proof of the fire, and that it was caused by a spark from defendant's engine, should be given effect only to shift the burden of proof; second, that the instruction involved error, in that the jury were not thereby advised that the burden was on defendant to overcome the presumption arising from proof of the fire by a preponderance of the evidence. On the other hand, it is the substance of the contention of counsel for appellee that no more was intended by the statute than to " establish a rule of evidence and change the order of proof in such cases; that, so considering the statute, the instruction was free from error."

The question of the proper construction of the statute has been before this court on several occasions. It was determined in *Small v. Railway,* 50 Iowa, 338, that the statute did not have effect to eliminate the question of negligence in such cases, and hence could not be accepted as creating an absolute liability; it being remarked that there must be negligence somewhere to make the company liable. And the correct rule is deduced to be that proof of a fire set out by a locomotive engine " makes a *prima facie* case of negligence, and the burden is devolved upon the company to show itself free from negligence." Further in the course of the opinion, it is said, in respect of the provision now appearing in section

2055, that " the design is to provide what is necessary to show a *prima facie* liability for fires." In *Babcock v. Railway,* 62 Iowa, 593, the contention for error was based on the refusal of the trial court to instruct a verdict in favor of defendant. It was insisted that the evidence for defendant showed without conflict that its engine was in perfect condition and had been properly handled, and, this being true, it should be ruled as matter of law that the presumption, raised by the statute, of negligence, had been overcome, and hence there was nothing to submit to the jury. In the original opinion, written by Day, C. J., there is no discussion of the statute farther than it is said, after citing *Small v. Railway,* 50 Iowa, 338, that: " Under this decision, the effect of the statute is simply to change the burden of proof "— an expression adopted in some of the latter cases, and which, as we shall see, does not accurately express the situation. In that case a rehearing was granted, and a further opinion by Beck, J., filed. Therein the effect of the statute was discussed, and it was said: " Under the statute, and the decisions of the court, the occurrence of the fire is *prima facie* evidence of defendant's negligence. The fire itself is evidence of negligence. It is, however, only *prima facie* evidence. But it establishes negligence, which must be regarded as a fact until contradictory evidence requires a different conclusion. There must of necessity be conflicting evidence in the case. The fire under the law is evidence of defendant's negligence; the good condition of the engine, the diligence of defendant's employés, and other facts, are evidence of defendant's care. Here is conflicting evidence which must be determined by the jury." Passing several intervening cases, unnecessary to be noticed, the statute again came into review in *West Side Ins. Co. v. Railway* (Iowa), 95 N. W. 193, where it was said: " Under the rule existing in this State, the mere happening of the fire not only shifts the burden of proof to defendant to show freedom from negligence, but stands as substantive evidence of neglect on

the part of the company operating the train." The latest case on the subject is *German Ins. Co. v. Railway,* 128 Iowa, 386. There an instruction was given by the trial court, in substance, that " if the jury found that the fire was set out by one of defendant's engines, which destroyed the insured property, then the presumption arose that defendant was guilty of negligence, and, in order to avoid liability, the burden was on defendant to overcome this presumption by negativing every fact which would justify a finding of negligence on its part." And, without discussion or reference to the former cases, this statement of the rule was approved.

To the view of the rule of the statute as thus generally stated in the case last cited, we are wholly disposed to adhere. Considering that evidence of negligence is still necessary to a recovery, the unmistakable genius of the rule is that the presumption arising from proof of the fire shall be given the effect of affirmative evidence, establishing *prima facie* the fact of negligence. If the defendant shall elect not to introduce any evidence, the presumption is to have the force of proof, affording warrant for the passing of judgment. If the defendant shall elect to proceed, the presumption continues, having all the force of substantive evidence of negligence, until overcome by the weight of the affirmative evidence introduced in proof of due care. It follows from this, and manifestly, that the office of the presumption is inadequately, if not incorrectly, expressed, in saying that its effect is simply to change or shift the burden of proof. From the practical viewpoint, the situation does not involve a shifting of the burden of proof. The plaintiff assumes the burden of proving negligence only as he is required to prove the fire, and that it was caused by defendant; whereas, from the beginning, the burden is on the defendant to make affirmative proof that it was in the exercise of due care.

Recurring now to the instruction in question, it is to be said that it is possible to the legal mind, by analysis, and having reference to other portions of the charge, to bring it

into harmony with our understanding of the rule.    But that is not the problem with which we have to deal.    Rather it assumes this form of question:  Would the average juror, upon being told that the presumption is only sufficiently strong to shift to the defendant the burden, etc., be likely to assume that such was its sole function, and that, having served such purpose, it must sink out of sight, leaving the question of due care to be determined solely upon the evidence introduced by defendant?    Evidently the trial court concluded from his view of the situation that such a result was reasonably probable, and hence answered the question by granting a new trial.    The matter was one calling for an exercise of discretion, and we should disturb the ruling only on conviction that the question should have been answered the other way.    We are wanting in such conviction.

What we have said foregoing will be sufficient to make it clear that, as the burden of proving due care was on defendant, this could have been satisfied only by a preponderance of the evidence on the subject.    But, if this had been all, it is not probable that a new trial would have been granted, as this phase of the subject was fully covered by an accompanying instruction.—*Affirmed.*