7062

HUTTO v. SEABOARD AIR LINE RY.

1. RAILROADS—COMMUNICATED FIRES—NEGLIGENCE.—The complaint in this action properly held to state a cause of action for destruction of property on its right of way by negligence at common law, but if it be held to state a cause of action under the statute, under the evidence here tending to show plaintiff had no notice of lease, that the house was on the right of way, that defendant's agent knew plaintiff had used the house to store seed in and to ship them from and at time of fire plaintiff had paid to defendant a guarantee for a car to ship these seed in, recovery could have been had under the statute.
*German American Insurance Co.* v. *Southern Ry.,* 77 S. C., 467, *distinguished from this.*

2. IBID.—IBID.—Communication of fire by an engine is sufficient to raise presumption of negligence. Here the evidence tending to show defendant ran its passenger train through a town on a windy night at a high rate of speed, the engine emitting sparks on an up-grade by the adjoining building, which was discovered on fire soon after the train passed, is sufficient for jury to infer negligence.

Before KLUGH, J., Orangeburg, October, 1907. Affirmed.

Action by J. D. Hutto against Seaboard Air Line Railway. From judgment for plaintiff, defendant appeals.

*Messrs. Moss & Lide,* for appellants, cite: *Plaintiff having no permission to use house cannot recover under statute:* 77 S. C., 467. *No evidence of negligence in running the train:* 34 S. C., 444; 7 S. C., 402; 58 S. C., 491; 102 Pa., 425; 30 N. J. L., 188; 19 L. R. A., 563; 24 At., 341; 3 L. R. A., 778. *Emitting sparks is not an element of negligence:* 24 S. C., 366; 38 S. C., 103; 49 L. R. A., 645; 15 Wall, 524.

*Messrs. L. K. Sturkie* and *Raysor & Summers,* contra. *Messrs. Raysor & Summers* cite: *Liability under the statute attaches without regard to negligence:* 24 S. C., 366; 31 S. C., 378; 36 S. C., 93. *Running an engine at a high rate of speed and emission of sparks is evidence of negligence:* 23 Wis., 437; 150 Ill., 27; 12 Ill., 407; 90 Mo., 389; 91 Am. D., 166; 5 Am. D., 157; 13 Ency., 418; 91 U. S., 454. *And warrants the presumption of the use of proper appliances to arrest sparks:* 13 Ency., 472; 76 Va., 443; 8 Ency,. 710. *Communication of fire presumes negligence:* 2 Jagg. Torts, 845; 13 Ency., 498; 2 Strob., 336., 19 S. C., 57.

November 20, 1908.   The opinion of the Court was delivered by

MR. JUSTICE JONES.   In this action plaintiff recovered judgment against defendant for $507.15 as damages for destruction of a lot of cotton seed by fire communicated thereto by one of defendant's locomotive engines.

The first contention presented by defendant's exceptions to this judgment is whether the Court erred in holding that the complaint was under the common law and not under the statute, sec. 2135 Code of Laws.

The complaint after alleging the incorporation of the defendant, that it operated the railroad at the time of the fire, and that plaintiff had the lot of cotton seed stored in a seed house "adjacent to defendant's railroad," in the town of Livingston, a station on said railroad, further alleged:

"Fourth. That on or about the 15th day of March, A. D. 1907, one of defendant's locomotives, used for pulling or carrying defendant's through train, which passed through the said town of Livingston, going north, shortly after nightfall, on or about the 15th day of March, 1907, at a high rate of speed, in violation of the laws of said town, was so carelessly and negligently managed and operated by the defendant that said locomotive emitted, while passing through said town of Livingston as aforesaid, a large quantity of sparks, which sparks so emitted set fire to a certain cotton-seed house adjacent to defendant's railroad, in the county and State aforesaid, and the flames and heat of said cotton-seed house, while being burned, communicated and set fire to the cotton-seed house used by the plaintiff, adjacent thereto, in which the plaintiff had stored his cotton seed, as described in paragraph 'third' herein, and situate in the town of Livingston, in the county and State aforesaid, adjacent to defendant's railway.

"Fifth. That by reason of said fire, caused by the carelessness and negligence of the defendant, as aforesaid, the cotton-seed house in which the plaintiff had stored his twenty-one tons of cotton seed, as described in paragraph 'third' of this complaint, the said cotton-seed house was totally destroyed and the plaintiff's twenty-one tons of cotton seed totally consumed by said fire, to the damage of plaintiff five hundred and seven and 15-100 dollars, with interest thereon from March 15, 1907, till settlement is made."

The answer of defendant, besides a general denial, alleged a written agreement between defendant and J. F. Hutto, executed October 29, 1900, permitting J. F. Hutto to erect and maintain a seed house upon defendant's right of way in Livingston, S. C., for the purpose of storing cotton seed, etc., upon the stipulation of J. F. Hutto that he would not assign or underlet the premises without the written consent of defendant, and it was further stipulated that defendant should not be liable for loss or damage

occurring to the building or contents by fire from the en-
gines of defendant; and that plaintiff used said building so
erected for storing cotton seed without the authority,
knowledge or consent of defendant.

There was evidence introduced by defendant showing
that said lease was duly executed, and that the said house
in which the cotton seed in question were stored was
erected by J. F. Hutto under the lease upon defendant's
right of way, and that the plaintiff had been using the same
for the purpose of storing cotton seed and not for shipment.
This lease was not recorded and there was no evidence that
plaintiff was aware of its provisions. Plaintiff testified that
he had no knowledge of the lease or its contents; that the
said seed house was upon defendant's right of way; that
for some time it had been in the possession of the Southern
Cotton Oil Company; that he had been using the said house
for about two years with the permission of the Southern
Cotton Oil Company; that he obtained no written consent
from the defendant to use the house; that defendant's agent
at Livingston knew he was using the house; that defendant
had been furnishing him cars for the shipment of cotton
seed stored in said house, and that he was at the time of the
fire awaiting the furnishing of a car by defendant for the
shipment of cotton seed, having put up money to guarantee
the car.

At the close of the testimony defendant moved for direc-
tion of verdict in its favor on the ground that the complaint
was under the statute and the evidence was conclusive that
the property destroyed by fire was upon defendant's right
of way without its consent.

Sec. 2135, Code of Laws, provides that: "Every railroad
corporation shall be responsible in damages to any person
or corporation whose buildings or other property may be
injured by fire communicated by its locomotive engines, or
originating within the limits of the right of way of said
railroad in consequence of the act of any of its authorized
agents or employees, except in case where property shall

have been placed on the right of way of such corporation unlawfully, or without its consent, and shall have insurable interest in the property upon its route for which it may be so held responsible and may procure insurance thereon in its own behalf."

Our cases show that it is not necessary to prove negligence in order to recover under the statute. *Thompson* v. *R. R.,* 24 S. C., 366; *Rogers* v. *R. R. Co.,* 31 S. C., 378, 9 S. E., 1059; *Gregory* v. *Layton,* 36 S. C., 93, 15 S. E., 352. The plaintiff declared that the action was based upon negligence and not upon liability under the statute, and looking at the complaint it is clear that such was the intention and that the Circuit Court was correct in so holding. But, assuming that recovery could nevertheless be had upon the pleadings on proof of a case falling within the statute, we think there was no error in refusing to direct a verdict for defendant. There was testimony tending to show that the cotton seed were destroyed by fire communicated by defendant's locomotive and that the property was upon defendant's right of way for purposes of shipment over its line, with the knowledge and acquiescence of its agents, and was at the time of the fire awaiting a car for shipment, which plaintiff had requested and for which he had made guarantee deposit of money, and that previous shipments from said house had been made by plaintiff over defendant's line. These were circumstances from which the jury would have the right to infer that the cotton seed were upon defendant's right of way, not unlawfully, but with its knowledge and consent, hence the case did not fall within the exception in the statute excusing liability. As stated already, there was no evidence connecting plaintiff with the lease in question or with notice, actual or constructive, of its stipulations, hence he was not bound thereby. This case is distinguishable from *Insurance Co.* v. *Southern Ry. Co.,* 77 S. C., 467, 58 S. E., 337, relied on by appellant, wherein there was an express stipulation by the owner of the cotton that the railroad company should not be deemed

to have consented to the placing of cotton upon its right of way and that the cotton was at the sole risk of the owner until tendered and accepted for shipment. The first, second and third exceptions are, therefore, overruled.

The four remaining exceptions raise the question whether it was error to refuse defendant's motion for non-suit and to direct a verdict for failure of plaintiff to make out a case of negligence under the common law. We think there was no error.

The testimony showed that the said house, containing plaintiff's cotton seed, was located in the incorporated town of Livingston; that defendant's vestibule, No. 84, passed through the town after nightfall on March 15, 1907, at a speed of forty miles an hour, going up grade, with many sparks flying rapidly from its locomotive, and a stiff wind blowing from the east across the tracks towards the seed houses, located on the west side, and that by the time the train had gone about two miles from the station, the north corner of the seed house, adjacent to the one in which plaintiff's lot of seed was stored, was discovered to be on fire, which fire extended to plaintiff's seed house and burned up his seed. There was no evidence of the existence of any other cause of the fire. This was some evidence to go to the jury on the question of whether the fire was communicated from defendant's locomotive, and the verdict under the charge establishes the fact that the fire was so caused.

There is conflict among the authorities in other jurisdictions as to whether the mere communication of fire by a railroad engine is sufficient to raise a presumption of negligence against the company. Many cases are collated in 13 Ency. Law, at pages 498-99, for the affirmative of the proposition, and at pages 507-8 for the negative. See, also, note in 15 L. R. A., 40, collating cases on the subject. Our cases sustain the view that proof of loss by fire communicated by a railroad engine is *prima facie* evidence of negligence which casts the burden on the railroad company to show that its engine was constructed, equipped and man-

aged with due care. In *Brown* v. *Atlantic etc. Ry.,* 19 S.
C., 39, 56, the Court said: "The fact of the injury being
proved the *onus* was on the company to disprove negligence,
which they might do by showing that they had the most im-
proved mechanical contrivances and that on that day such
engines were managed with due care and skill." In *Wilson
& Co. v. Atlantic etc. Ry Co.,* 16 S. C., 588, the plaintiff
offered evidence tending to show the burning of cotton on
the platform by spark communicated by the defendant's
engine and the defendant in that case offered evidence of
care in the equipment and management of the engine, but
the Supreme Court held that the Circuit Court committed
no error in refusing the defendant's request to charge:
"That if the jury find from the evidence that the defendant
corporation was provided with the usual improved ma-
chinery for protection against fire and that said machinery
was worked by competent and careful engineers, they will
find for the defendant." The Court held that, while these
were facts which would create a very strong presumption in
favor of the company, they are not absolutely conclusive on
a question of negligence. In the case at bar defendant made
no attempt whatever to show due care in the equipment and
management of its engine. In *McCready* v. *R. R.,* 2 Strob.,
356, the Court held that when the fact of damage by fire
of the railroad engine is shown and the manner in which
the fire was communicated appears the question of negli-
gence is for the jury. The following cases support the prin-
ciple stated in *Brown* v. *R. R., supra; Hull* v. *Sacramento
etc. Ry Co.* (Cal.), 73 Am. Dec., 656; *Spaulding* v. *Chicago
etc. R. R. Co.* (Wis.), 11 Am. Rep, 550; *Clemens* v. *Han-
nibal etc. R. R. Co.* (Mo.), 14 Am. Rep., 460; *Atchison etc.
R. R. Co.* v. *Stanford* (Kan.), 15 Am. Rep., 362; *Burke* v.
*Louisville etc. R. R. Co.* (Tenn.), 19 Am. Rep., 618; *Green
Bridge etc. R. R. Co.* v. *Brinkman* (Md.), 54 Am. Rep.,
757; *Gulf etc. R. R. Co.* v. *Benson* (Tex.), 5 Am. St. Rep.,
74; *Louisville etc. R. R. Co.* v. *Reese* (Ala.), 7 Am. St.
Rep., 66; *Dean* v. *Chicago etc. R. R. Co.* (Minn.), 12 Am.

St. Rep., 659; *White* v. *Chicago etc. R. R. Co.* (S. Dak.), 9 L. R. A., 826; *Southern Ry. Co.* v. *Elliott* (Ga.), 59 S. E. Rep., 787.

This view is sufficient to dispose of the exceptions and it is unnecessary to notice whether there was not other circumstances in the case, which, when combined, would aid the presumption of negligence, such as the speeding of the train at night through the town with a high wind blowing across the track towards the combustible property nearby and the engine rapidly emitting a large quantity of sparks.

The judgment of the Circuit Court is affirmed.