7319

## BROWN v. SEABOARD AIR LINE RY.

1. AMENDING COMPLAINT—CAUSE OF ACTION.—After the plaintiff has closed his evidence, the trial Judge under section 194, Code of Procedure, may amend a complaint stating a cause of action under the common law for damages from communicated fires by striking out the words "carelessly and negligently," so as to make it a cause of action for damages from fire communicated by a railroad under the statute.
   *Divided Court.*

2. PRESUMPTION OF NEGLIGENCE.—Does proof of loss by fire communicated by a railroad raise a presumption of negligence against the road?

3. COMMUNICATED FIRES.—Under allegation that a railroad company set out fire on plaintiff's land, proof that it was set out by the road on its right of way and thence communicated to plaintiff's land brings the case within the statute.

Before DANTZLER, J., Chesterfield, December, 1907. Affirmed.

Action by John B. Brown against Seaboard Air Line Railway. From judgment for plaintiff, defendant appeals.

*Messrs. Stevenson & Matheson* and *Edward McIver,* for appellant. The former cite: *As to power of Court to allow the amendment:* 41 S. C., 89; 31 S. C., 388; 39 S. C., 514; 43 S. C., 230; 40 S. C., 519. *Allegation of fire originating on plaintiff's land is not supported by proof of communication from right of way:* 41 S. C., 90; 40 S. C., 519.

*Mr. W. P. Pollock,* contra.

October 18, 1909. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The complaint in this action alleges that the defendant, Seaboard Air Line Railway Company, "carelessly and negligently put out fire by its locomotive engine on the lands of the plaintiff * * * and thereby burned over about two hundred acres of said lands of the plaintiff." The damage to timber, fences, etc., was alleged at four hundred dollars. The answer was a general denial. The defendant appeals from a judgment in favor of the plaintiff.

The only two questions made in the Court below, which are involved in the appeal, appear from the following statement taken from the record:

"Before the testimony began the Court asked plaintiff's counsel if his action was under the statute or was a common law cause of action, and the plaintiff's counsel replied that it was both.

"At the close of plaintiff's testimony defendant moved for a nonsuit on the ground that the action was a common law cause of action, based upon negligence, and that the proof did not in any way tend to prove a negligent burning, and that there was an entire absence of proof of negligence, and, therefore, that a nonsuit should be granted. Admit-

ting that there was no evidence of carelessness or negligence, plaintiff's counsel moved to be allowed to amend by striking out the words 'carelessly and negligently,' so as to make it a statutory cause of action alone, which motion was opposed by defendant, and the order was granted, the following being endorsed on the margin of the complaint by the Circuit Judge: "The words, "carelessly and negligently," stricken out on motion of counsel for plaintiff. C. G. Dantzler, Judge, December 2, 1907.'

"Defendant's counsel objected to the amendment on the ground that it was a change of the cause of action and a beginning really of a new action in this proceeding, and that the Court was without authority or power to grant the same, and that it should not grant the same at this late day, and that it was error of law to do so.

"At the close of the entire testimony the defendant moved to direct a verdict for the defendant, on the ground that the complaint alleged that the 'defendant put out fire by its locomotive engine *on the lands of the plaintiff;*' whereas, the evidence showed that the fire was put out upon the defendant's own lands and spread thence to the lands of the plaintiff. This motion was also overruled."

First. Was it error to allow the plaintiff to strike out the words, "carelessly and negligently," after the testimony had been introduced? This question depends on whether the amendment substantially changed the claim set up in the complaint. Code of Procedure, sec. 194; *Taylor* v. *A. C. L. R. R.,* 81 S. C., 574, 62 S. E., 1113. In an action against a railroad company, under section 2135 of Civil Code, for injuries to property, sustained within a year from the commencement of the action, "by fire communicated by its locomotive engine, or originating within the limits of the right of way of said road, in consequence of the act of any of its authorized agents or employees," it is not necessary to allege or prove negligence. There is strong reason for the position that as to causes of action which fall within all the terms of the

statute, including the time within which the action shall be brought, the common law is superseded by the statute, and that allegations of negligence, where the facts bring the case under the statute, should be regarded mere surplusage. But it has been adjudged otherwise. In *Hunter* v. *Ry.*, 41 S. C., 86, 19 S. E., 197, it was held, where the plaintiff alleged all the facts necessary for a cause of action under this statute, and alleged negligence in addition, that his action was not under the statute, but at common law; and that he could not recover without proof of negligence. This is in accord with authorities elsewhere. The *Union P. Co.* v. *Wyler*, 158 U. S., 285, 39 L. Ed., 983; *Bolton* v. *Georgia P. R. Co.* (Ga.), 10 S. E., 352; *Kansas City* v. *Hart* (Kan.), 57 Pac., 938; *Midland Steel Co.* v. *Bank* (Ind.), 59 N. E., 211; *Whalen* v. *Gordon*, 95 F., 305; *Depeaux* v. *Penn. R. Co.*, 133 F., 1009; *U. S.* v. *Atchison T. & S. F. Ry.*, 142 F., 176. Under these authorities there is no escape from the conclusion that the amendment substantially changed the claim of the plaintiff, in that it substituted a cause of action under the statute for a cause of action under the common law. This substitution was not permissible under section 194 of the Code of Procedure, after the testimony had been taken. The error was vital, for the defendant without the amendment would have had the right to have the jury instructed there could be no recovery, unless they found that the defendant had negligently caused the injury; whereas, with the amendment, the case necessarily went to the jury with a charge which required of the plaintiff no evidence of negligence.

But, in addition to this, when the motion for a nonsuit was made, plaintiff's counsel admitted in open Court there was no evidence of negligence. Inasmuch as the amendment was improperly granted, the plaintiff had to stand or fall on his original charge, that the burning of his property was due to negligence of the defendant. Therefore, after the admission that there was no proof of negligence, the nonsuit was inevitable. It would be unjust to the defendant

not to give full effect to this admission. But for reliance on the admission, it may be the defendant would have introdued evidence showing that the fire was not due to its negligence.

It is important to observe, however, that this Court expresses no opinion as to whether the evidence was sufficient to raise a presumption of negligence against the defendant, under the rule laid down in *Wilson* v. *R. R.*, 16 S. C., 588; *Brown* v. *R. R.*, 19 S. C., 39, and *Hutto* v. *Ry.*, 81 S. C., 567, 62 S. E., 835, "that proof of loss by fire communicated by a railroad engine is. *prima facie* evidence which casts the burden on the railroad company to show that its engine was constructed, equipped and managed with due care."

The second position taken by defendant is, that a verdict for the defendant should have been directed because the complaint alleged "the defendant negligently and carelessly put out fire by its locomotive engine on the lands of the plaintiff;" whereas, the evidence tended to show it was not communicated directly by defendant's engine to plaintiff's land, but first to the right of way, and thence to the land. Such extreme refinement is not admissible in the construction of the statute. The position of the defendant has been held to be untenable in *Thompson* v. *Richmond Etc. R. R.*, 24 S. C., 368.

I think the judgment should be reversed for error in granting the motion to amend and refusing to grant the nonsuit; but two of the Justices being for affirmance, the judgment of this Court is that the judgment of the Circuit Court be affirmed.

MR. JUSTICE GARY *dissents*.

MR. JUSTICE HYDRICK, *dissenting*. I cannot conceive how the amendment could have prejudiced the defendant. If it came to trial prepared to meet the charge of negligently setting out the fire, it must have been as well prepared to

meet the charge of setting out the fire without negligence. I think the amendment was permissible under section 194 of the Code of Procedure.   Such amendments are within the discretion of the Circuit Judge, and where, as here, there has been no abuse of discretion, this Court should not interfere.   Therefore, I dissent.