IOWA CENT. RY. CO. v. HAMPTON ELECTRIC LIGHT & POWER CO.†

(Circuit Court of Appeals, Eighth Circuit. April 21, 1913.)

No. 3,796.

**1. RAILROADS (§ 484*)—COURTS (§ 366*)—FIRES—ACTIONS—PRESUMPTION.**

The construction given to Code Iowa 1897, § 2056, providing that a railroad company "shall be liable for all damages sustained by any person on account of loss of or injury to his property, occasioned by fire set out or caused by the operation of such railway," by the state Supreme Court, that it creates a presumption of negligence from proof that a fire was caused in the operation of the railroad, which has the continuing force of affirmative evidence, is binding on the federal courts; and where evidence in rebuttal is offered by a defendant, the question is one for the jury.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1740–1746; Dec. Dig. § 484;* Courts, Cent. Dig. §§ 954–957, 960–968; Dec. Dig. § 366.*

Liabilities of railroads for injuries by fire as affected by management of locomotives, see note to Woodward v. Chicago, M. & St. P. Ry. Co., 75 C. C. A. 598.]

**2. EVIDENCE (§ 77*)—PRESUMPTIONS—FAILURE TO CALL WITNESS.**

The failure of a party to call as a witness an employé, who was in a position to have some knowledge with respect to the facts in issue, does not justify an inference by the jury that his testimony would have been prejudicial to his employer, where he was also accessible to the adverse party, which did not call him.

[Ed. Note.—For other cases, see Evidence, Cent. Dig.\§ 97; Dec. Dig. § 77.*]

In Error to the District Court of the United States for the Northern District of Iowa; Henry Thomas Reed, Judge.

Action at law by the Hampton Electric Light & Power Company against the Iowa Central Railway Company. Judgment for plaintiff, and defendant brings error. Affirmed.

W. H. Bremner, of Minneapolis, Minn. (F. M. Miner, of Minneapolis, Minn., B. J. Price, of Ft. Dodge, Iowa, and George W. Seevers, of Minneapolis, Minn., on the brief), for plaintiff in error.

John M. Hemingway, of Hampton, Iowa, for defendant in error.

Before HOOK and SMITH, Circuit Judges, and VAN VALKENBURGH, District Judge.

HOOK, Circuit Judge. The Power Company obtained a judgment against the Railway Company for the destruction of its premises by fire negligently set out by a locomotive engine. The Railway Company contends here that there was no substantial proof that it caused the fire, or of its negligence, and also that the trial court erred in its rulings in respect of a presumption from the nonproduction of a witness.

We think there was sufficient evidence of the origin of the fire for the consideration of the jury. Witnesses testified to the distance between the railroad track and the building, the direction and violence of the wind, the passage of the engine, the discovery a few minutes afterwards of a fire in the roof at a point where sparks might naturally have been blown, and where it would less likely have been

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

caused by fire within the building, or by defective electric wires. There was considerable testimony upon these subjects, and the verdict of the jury was in accord with the reasonable inferences.

[1] To establish negligence the Power Company relied on an Iowa statute which provides that:

"Any corporation operating a railway shall be liable for all damages sustained by any person on account of loss of or injury to his property occasioned by fire set out or caused by the operation of such railway." Section 2056, Code Iowa 1897.

This statute might well have been construed to impose an absolute liability, irrespective of negligence. As so construed, it would have been constitutional. St. Louis, etc., R. Co. v. Mathews, 165 U. S. 1, 17 Sup. Ct. 243, 41 L. Ed. 611. But the Supreme Court of Iowa gave it an evidential effect in Stewart v. Railway, 136 Iowa, 182, 113 N. W. 764. It was there held the statute means that upon proof of the origin of the fire a presumption arises establishing prima facie the fact of negligence; if, then, the defendant introduces no evidence, the presumption will warrant judgment; but, if defendant introduces evidence, the presumption nevertheless continues, "having all the force of substantive evidence of negligence, until overcome by the weight of the affirmative evidence introduced in proof of due care." See, also, Greenfield v. Railway, 83 Iowa, 270, 49 N. W. 95, and Hemmi v. Railway, 102 Iowa, 25, 70 N. W. 746.

It is contended that this is a rule of general law, and therefore not binding on the courts of the United States. We do not think so. It is the local construction of a state statute (Jones v. Brim, 165 U. S. 180, 17 Sup. Ct. 282, 41 L. Ed. 677), and none the less so that, instead of imposing directly an absolute liability, or less directly a liability following a conclusive presumption of negligence, it creates a presumption having the continuing force of affirmative evidence. As we have said, there was evidence that sparks from the engine caused the fire. The Railway Company introduced evidence of care in the operation of the engine and of the efficient character and condition of the spark arresting appliances, and it was quite persuasive; but after all it had to wrestle before the jury with the presumption arising under the construction of the statute from the fact that sparks did escape and cause the fire.

[2] The Power Company did not call as a witness its engineer, who was in the building at the time of the fire, and was found trying to extinguish it from the inside after it had gained headway. The Railway Company asked instructions that the failure to call him justified an inference that his testimony would have been prejudicial to his employer. The instructions were properly refused. There was no suppression of evidence in the right sense of that phrase. Though the engineer was still in its service, the Power Company did not conceal him or run him away. For aught that appeared, its reason for not calling him may have been entirely proper. The Railway Company might have secured his attendance by subpœna and his testimony, after it learned he was not among the witnesses of the Power Company. Still further, it is mere argument or speculation that the engineer had the best information as to the origin of the fire. He might have

had, if the fire originated within the building; but other witnesses testified to facts tending to show the converse was more probable. Whatever the testimony of the engineer might have been, its production was not under the exclusive control of the Power Company; it was accessible to the Railway Company, which did not avail itself of its right and opportunity.

The judgment is affirmed.