HINES, Director General of Railroads, v. RITTENBERG et al.

(Circuit Court of Appeals, Fourth Circuit. October 7, 1919.)

No. 1735.

1. RAILROADS ⬤484(3)—ORIGIN OF FIRE QUESTION FOR JURY.

Whether a fire starting on the roof of a house near defendant's railroad tracks, which spread and destroyed other property, was caused by sparks from the engine of a train passing a few minutes before, *held*, under the evidence, a question for the jury.

2. RAILROADS ⬤453—STATUTORY LIABILITY FOR INJURY BY FIRE NOT DEPENDENT ON NEGLIGENCE.

In an action against a railroad company for destruction of property by fire communicated by an engine on its road, under Civ. Code S. C. 1912, § 3226, providing that railroads shall be responsible in damages to any person whose property may be injured by fire communicated by its locomotive engines, as construed by the Supreme Court of the state, absence of negligence is not a defense.

3. RAILROADS ⬤249—STATUTE IMPOSING LIABILITY FOR FIRES CONSTITUTIONAL.

Civ. Code S. C. 1912, § 3226, making railroad companies liable for injuries caused by fire communicated by their engines, regardless of the question of negligence, *held* constitutional.

In Error to the District Court of the United States for the Eastern District of South Carolina, at Charleston; Henry A. Middleton Smith, Judge.

Action by Gus Rittenberg, in his own right and as trustee for certain insurance companies, against Walker D. Hines, Director General of Railroads. Judgment for plaintiff, and defendant brings error. Affirmed.

P. A. Willcox, of Florence, S. C. (Benjamin H. Rutledge, Simeon Hyde, and Octavus Cohen, all of Charleston, S. C., and S. M. Wetmore, of Florence, S. C., on the brief), for plaintiff in error.

Louis M. Shimel and J. N. Nathans, both of Charleston, S. C. (Nathans & Sinkler, Smythe & Visanska, and A. T. Smythe, all of Charleston, S. C., on the brief), for defendants in error.

Before KNAPP and WOODS, Circuit Judges, and WADDILL, District Judge.

KNAPP, Circuit Judge. This action was brought to recover damages for the loss by fire at St. Stephens, S. C., of certain buildings and stocks of goods belonging to plaintiff. The fire is alleged to have been caused by sparks from a locomotive operated by defendant as part of the equipment of the Atlantic Coast Line Railroad Company. These facts appear:

[1] The town of St. Stephens consists mainly of a row of buildings along the railroad right of way, which there runs nearly north

and south. In the early afternoon of Sunday, March 10, 1918, a freight train of 36 loaded cars passed through, running north at the rate of 20 to 30 miles an hour. Not long afterwards fire was discovered on the roof, midway between eaves and ridge, of a house occupied by Mrs. Keller, in which a hole had been burned "the size of a barrel head." From there the fire spread to adjoining buildings, one after another, until most of the row was destroyed, including plaintiff's property. At the time the fire was first seen a high wind was blowing from the west; that is, towards the buildings that were consumed. South of St. Stephens for a couple of miles or more the grade of the railroad ascends to the north, though through the town the grade is practically level. The locomotive in question was lighter than those of more modern type, but adequate for the train it was hauling.

There was further testimony by a witness, who said he was standing at his gate close by the right of way, about three-quarters of a mile from plaintiff's store, when this train passed; that it was running very fast, and the engine "exhausting very hard"; that cinders were thrown out, which set fire to the dry grass on his lot; that some 10 minutes later, after he "whipped this fire out," he looked up the road and saw people running across the track "over towards Mr. Rittenberg's side to the fire—the fire that broke out there." Another witness said that he was near St. Stephens, on his way from church, as this train passed him; that after he crossed the railroad at the station cinders fell on his hat, "came down swift and fast, a lot of them"; that soon after he got to the station he heard the cry of "Fire!" and saw that the roof of Mrs. Keller's house was burning, "about five or six feet from the chimney." Mrs. Keller testified that there had been no fire in her house that day for cooking or other purposes, "only the lighting of a lamp early that morning." Occupants of adjacent houses on either side, and of the other houses nearby, testified that no fires had been lighted in their respective dwellings during that day. In a word, the testimony is undisputed and convincing that the fire which proved so destructive originated in the roof of Mrs. Keller's house and from an external cause; and it seems evident from the proofs recited and other circumstances of record that the question whether this initial fire was started by sparks or cinders from defendant's locomotive was a question of fact, which was properly submitted to the jury. Grand Trunk R. Co. v. Richardson, 91 U. S. 454, 471, 23 L. Ed. 356; Iowa Central Ry. Co. v. Hampton E. L. & P. Co., 204 Fed. 961, 123 C. C. A. 283; Chicago & E. R. Co. v. Ohio City L. Co., 214 Fed. 751, 131 C. C. A. 57; Hutto v. Railway Co., 81 S. C. 572, 62 S. E. 835.

[2] The defendant insists, however, that, even if the jury were warranted in finding that the fire was caused by sparks from this locomotive, nevertheless a verdict should have been directed in its favor, because the locomotive was proven to have been equipped with a standard spark arrester in perfectly good condition. In other words, it is contended that any presumption of negligence arising from the fact that the fire may have been started by defendant's locomotive

was fully rebutted, and the absence of any negligence established, by conclusive evidence that the locomotive, including the spark arrester, was in good order and carefully operated. But this contention appears unavailing in view of a statute of South Carolina (Code ·of 1912, § 3226), and the construction given the same by the Supreme Court of that state. The statute reads as follows:

"Every railroad corporation shall be responsible in damages to any person or corporation whose buildings or other property may be injured by fire communicated by its locomotive engines, or originating within the limits of the right of way of said road in consequence of the act of any of its authorized agents or employés, except in any case where property shall have been placed on the right of way of such corporation unlawfully or without its consent, and shall have an insurable interest in the property upon its route for which it may be so held responsible and may procure insurance thereon in its own behalf."

That this statute makes a railroad company liable, under such circumstances as are here considered, although the company is not negligent, has been repeatedly held by the courts of South Carolina. Thus, in Thompson v. R. & D. R. Co., 24 S. C. 366, the Supreme Court says:

"Nothing is said in the act about negligence, and the very fact of such omission shows that the object of the act was to eliminate any question of negligence, inasmuch as under the law as it previously stood the company would be liable only in case of negligence. We are, therefore, forced to conclude that the purpose of the act was to dispense with any inquiry into that subject, for it declares the company liable for property destroyed by fire, originating on its right of way from any act of any of its agents, without any qualification whatsoever, either as to negligence or otherwise."

Again, in Rogers v. Florence R. Co., 31 S. C. 378, 383, 9 S. E. 1059, 1060, the same court says:

"It will be observed that the question of negligence cannot arise under this act, because the company is to be held liable, where the fire originates within its right of way, in consequence of the act of any of its authorized agents or employés, without regard to the fact of negligence one way or the other."

And in Hunter v. Columbia, etc., R. R. Co., 41 S. C. 86, at page 91, 19 S. E. 197, 199, the following is said:

"This statute, therefore, creates a special and exceptional liability upon every railroad company for any damages done to the property of another by fire communicated by its locomotive engines, irrespective of any negligence on its part."

That this is the settled construction of the statute is affirmed or assumed in the subsequent cases of Hutto v. Railroad Co., 81 S. C. 567, 62 S. E. 835, Brown v. Railroad Co., 83 S. C. 557, 65 S. E. 1102, and Birt v. Railway Co., 87 S. C. 239, 69 S. E. 233.

[3] The validity of such a statute, so construed and applied, is upheld by the Supreme Court of the United States in St. Louis & San Francisco Ry. Co. v. Mathews, 165 U. S. 1, 17 Sup. Ct. 243, 41 L. Ed. 611. From the learned and instructive opinion in that case, it suffices to quote the following (165 U. S. on page 26, 17 Sup. Ct. 252, 41 L. Ed. 611):

"Railroad corporations, in order the better to carry out the public object of their creation, the sure and prompt transportation of passengers and goods, have been authorized by statute to use locomotive engines propelled by steam generated by fires lighted upon those engines. It is within the authority of the Legislature to make adequate provision for protecting the property of others against loss or injury by sparks from such engines. The right of the citizen not to have his property burned without compensation is no less to be regarded than the right of the corporation to set it on fire. To require the utmost care and diligence of the railroad corporations in taking precautions against the escape of fire from their engines might not afford sufficient protection to the owners of property in the neighborhood of the railroads. When both parties are equally faultless, the Legislature may properly consider it to be just that the duty of insuring private property against loss or injury caused by the use of dangerous instruments should rest upon the railroad company, which employs the instruments and creates the peril for its own profit, rather than upon the owner of the property, who has no control over or interest in those instruments. * * * The statute is not a penal one, imposing punishment for a violation of law; but it is purely remedial, making the party, doing a lawful act for its own profit, liable in damages to the innocent party injured thereby, and giving to that party the whole damages, measured by the injury suffered."

As the case at bar was brought under the South Carolina statute and falls clearly within its terms, we perceive no reason for denying its full and controlling application. If the fire which destroyed plaintiff's property was "communicated" by defendant's locomotive—and the testimony permitted the jury to so find—the statute imposes liability for the resulting damage, even if defendant was in no wise negligent. That this is the meaning and intent of the statute in such case has been repeatedly held by the highest court of the state, and its construction of the enactment must be accepted. The question is not open to further discussion.

The case of Savannah Fire & Marine Ins. Co. v. Pelzer Manufacturing Co., 60 Fed. 39, decided at circuit in 1894, and apparently much relied upon by defendant, seems to be distinguishable. In that case suit was brought by an insurance company subrogated to the rights of the owner, and the railroad company defended on the ground that it had been released from liability by express contract. The opinion indicates that in view of those facts the question of negligence arose independent of the statute. Assuming, however, that anything said by Judge Simonton implies that a suit under the statute may be defeated by proof of defendant's freedom from negligence, we must decline to follow the decision for reasons above stated. All the other cases cited by defendant have been examined and found to be inapplicable, because they involve only the common-law rule of liability or turn upon statutes which were held not to eliminate the question of negligence.

We are therefore constrained to hold that defendant is liable, whether negligent or not, if the locomotive operated by his agent started the fire. It follows that the question of defendant's negligence was immaterial, and should not have been submitted to the jury. It also follows that defendant cannot justly complain of the refusal to give a requested instruction, even if entitled thereto on the assumption that negligence was involved, because the charge actually given is more favorable than defendant had the right to ask.

Exception is taken to the denial of defendant's motion for a new

trial on the ground that the damages awarded by the jury, $40,000, are alleged to be excessive. But as plaintiff testified to a loss of more than $69,000, to say nothing of the fact that he was examined before trial, it seems obvious that there was no abuse of discretion in allowing the verdict to stand. This being so, the question is not reviewable in this court.

The record discloses no reversible error, and the judgment must therefore be affirmed.