## LIPFELD v. CHARLOTTE &c. R. R. COMPANY.

1. COMMUNICATED FIRES—CONSTITUTIONAL LAW—CASE CRITICISED.—The statute which makes a railroad company liable for fires communicated by sparks from its locomotive engines, without regard to negligence, does not violate any provision of the Constitution of the United States or of this State.   McCandless *v.* Railroad Company, 38 S. C., 103, followed.

2. IBID.—LESSEE—CASES CRITICISED.—Under this statute, a lessor railroad company is not liable for fires from sparks emitted from a locomotive engine operated by its lessee.   Hunter *v.* Railroad Company, *ante*, 86, followed, and Harmon *v.* Railroad Company, 28 S. C., 401, distinguished.

3. IBID.—LEASE—APPEAL.—Where a railroad lease provides that the lessee is to pay for new rolling stock out of the income, and if that be insufficient, certificates of indebtedness shall be issued by the lessor, and if not so paid for, that the lessee shall be repaid therefor by the lessor at the end of the lease, or sooner, this court cannot hold on appeal that the lessor was owner of the engine that caused the fire, because (1) the lease does not show that the lessor was such owner, (2) the trial judge refused

to submit the fact of ownership to the jury, and (3) he was not asked so to construe the lease.

Before IZLAR, J., Aiken, October, 1893.

Action by Bertha Lipfield and David, her husband, against the Charlotte, Columbia and Augusta Railroad Company, commenced August 3, 1891, to recover damages for the burning of several houses and other property of plaintiff on May 8, 1891, by fire originating from a spark emitted by defendant's locomotive engine.　Defendant contended that the statute under which the action was brought was in violation of art. 1, §§ 8 and 10, and amendment 14, of the United States Constitution, and art. 1, §§ 12, 14, and 23, of the State Constitution.　The testimony showed that the defendant road was operated by the Richmond and Danville Railroad Company under a lease of the road and rolling stock.　That lease provided *inter alia* that the lessee was to apply the income, among other things, to pay for the cost of new rolling stock, equipments, &c., which the lessee may find it to the interest of the leased property to procure; and in case the income is not sufficient to refund the lessee for the advances it may make for this purpose, that certificates of indebtedness will be given to it by the lessor; and in case the lessee make any additions to rolling stock, &c., which shall not be paid from such income or by such certificates, that the same shall be repaid the lessee by the lessor at the end of this lease or sooner.

A motion for non-suit was made and refused.　Defendant requested the judge to charge that if the Richmond and Danville Railroad Company was in sole charge of the operation of this road under a lease of all the lessor's property, and the locomotive was owned by the lessee, the lessor was exempt from torts by the lessee, and is not liable for fires communicated by an engine of the lessee.　This request was refused, verdict was for plaintiff for $4,000, and defendant appealed.

*Mr. B. L. Abney,* for appellant.

*Messrs. Henderson Bros.,* contra.

April 19, 1894.　The opinion of the court was delivered by

MR. CHIEF JUSTICE MCIVER. The action in this case was brought by the plaintiffs against the defendant company to recover damages for the destruction of certain property of plaintiffs by fire, communicated by sparks escaping "from a locomotive engine operated as aforesaid upon the railroad track of the defendant company by its agents, servants, and lessees," under the provisions of section 1511 of the General Statutes. The two questions raised by the defence are: 1st. As to the constitutionality of the said section. 2d. Whether the defendant company could be held liable under section 1511 of General Statutes, if the jury came to the conclusion that the locomotive engine from which the sparks escaped belonged at the time to the Richmond and Danville Railroad Company, who were operating said railroad under a lease from the defendant company.

The first question is concluded, at least so far as this court is concerned, by the decision in the case of *McCandless* v. *Richmond & Danville Railroad Company*, 38 S. C., 103, and the discussion of it will not be reopened here.

So, also, it seems to us that the second question has likewise been determined by a very recent case, in which the decision was filed on the 14th of March, 1894, *Hunter* v. *Columbia &c. Railroad Company, ante*, 86, where it was held that the lessor company could not be held liable, under section 1511, where the fire originated from a locomotive engine owned and operated by the lessee company, and not by the lessor company, for the reasons stated in the opinion in that case, which need not be repeated here. The true theory, as it seems to us, is, that while a railroad company cannot escape liability for any nonfeasance or misfeasance in the performance of any of its *corporate* duties to its patrons or the public, as was held in *Harmon* v. *C. & G. Railroad Company*, 28 S. C., 401, to which we still adhere, by leasing its road to another, yet the lessor company cannot be held liable for a tort outside of its corporate duties in violation of the provisions of a special statute penal in its nature, at least especially under the express phraseology of such statute.

It is contended, however, by counsel for respondents in this

case that by the terms of the lease the lessor company were, in fact, the owners of the locomotive engines used by the lessee company in operating the road. But, in the first place, we cannot agree with counsel in any such construction of the lease; for while it may be that, under such terms, the lessee company *may become* the owners of such locomotive engines at some future time, there is certainly no evidence in the case which even tends to show any such circumstances, as would invest them with such ownership now. In the second place, by the terms of the request, which was refused, and which refusal gives rise to the second question stated above, the Circuit Judge was asked to instruct the jury that if they believed that the Richmond and Danville Railroad Company, and not the lessor company, was the owner of the locomotive engines from which the fire was communicated, that in that event the latter company could not be held liable under section 1511 of the General Statutes. Besides, the Circuit Judge was not requested to put any such construction upon the lease as that contended for here, and, so far as we can discover from the record, did not undertake to do so. Indeed, so far as appears from the "Case" as prepared for argument here, this matter of the construction of the lease was not considered in the court below. We are of opinion, therefore, that the Circuit Judge erred in refusing the defendant's second request to charge.

The judgment of this court is, that the judgment of the Circuit Court be reversed, and that the case be remanded to that court for a new trial.