7537

## BELLAMY v. CONWAY, COAST & WESTERN R. R. CO.

1. RAILROADS—COMMUNICATED FIRES.—Under section 2136, Code, 1902, a railroad company operating a railroad and granting trackage privilege to others to operate engines and cars on its tracks under its train orders is liable for damages caused to the property of others by fire communicated by the engine of such party.

   *Rogers* v. *R. R. Co.,* 31 S. C., 378; *Hunter* v. *R. R., Co.,* 41 S. C., 86, *and Lipfield* v. *R. R. Co.,* 41 S. C., 286, *distinguished from this case.*

2. AMENDING PLEADINGS.—Permitting complaint amended after evidence in so as to conform to the proof by alleging the acts complained of to have been done by the authorized servants and agents of defendant, which did not substantially change the claim of plaintiff, held not an abuse of discretion.

3. CHARGE to the effect that parties acting under the orders, direction and authority of defendant are its agents, although they may be known as agents of another, is not on the facts, as it is hypothetically stated and assumes as true no fact in dispute.

Before ALDRICH, J., Horry, April term, 1909.   Affirmed.

Action by Joseph T. Bellamy against Conway Coast and Western R. R. Co.   From judgment for plaintiff, defendant appeals.

*Messrs. C. P. Quattlebaum* and *Lucian W. McLemore,* for appellants, cite: *Defendant entitled to direction of verdict:* 41 S. C., 90; 31 S. C., 378; 76 S. C., 557; 57 S. C., 433; 45 S. C., 278; 33 S. C., 198. *Error to permit complaint amended as to the first cause of action:* 18 S. C., 315; 21 S. C., 226, 221; 26 S. C., 423; 27 S. C., 95; 49 S. C., 573; 50 S. C., 397; 57 S. C., 256; 64 S. C., 491; 70 S. C., 266; 74 S. C., 244; 24 S. C., 165; 43 S. C., 225; 32 S. C., 142; 68 S. C., 403; 80 S. C., 213; 81 S. C., 574; 43 S. C., 225; 31 S. C., 401; 68 S. C., 403; 83 S. C., 557; 82 S. C., 405.

*Messrs. Robt. B. Scarborough* and *B. Wofford Wait,* contra, cite: *Railroad company is liable for torts of its agent:*

82 S. C., 527; 75 S. C., 168; 73 S. C., 575; 65 S. C., 332; 63 S. C., 370. *Presumption of negligence arises from failure to prove precautions against emission of sparks:* 81 S. C., 567. *Amendment only made pleadings conform to proof:* 12 S. C., 173; 9 S. C., 334; 18 S. C., 305; 26 S. C., 474; 31 S. C., 588; 32 S. C., 57; 55 S. C., 90; 16 S. C,, 231. *Remarks made by Judge in response to motion is not a charge:* 82 S. C., 321.

April 6, 1910. The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES. Plaintiff brought action to recover damages alleged to have arisen from fire communicated from defendant's locomotive, resulting in judgment in his favor for five hundred dollars.

The complaint alleged two causes of action, the first being under the statute, section 2135, vol. 1, Code of Laws, and the second being at common law based upon allegation of negligence in failure to have proper appliances to prevent emission of sparks from its locomotives and in permitting the emission of sparks from its locomotives so as to communicate fire to plaintiff's premises.

The answer of defendant admitted that it was duly chartered as a corporation under the laws of this State and that it owns and operates a line of railway extending from Aynor to Myrtle Beach, in the county of Horry, and owns and operates trains, cars, locomotives and engines thereupon, but denied that any fire was communicated to plaintiff's property directly from its locomotives or indirectly by originating within its right of way, and for a further defense alleged "that while it is admitted that it is owner of the line of railway described in the plaintiff's complaint and operates locomotives and trains thereon, that portion of said road adjacent to the lands claimed by the plaintiff as having been burned over was at the time of the alleged fire also used by the locomotives and trains of other corporations

to wit: Conway Lumber Cmpany, Gardner and Lacy Lumber Company and possibly Kanawha Lumber Corporation; and it is submitted that should it appear that said fire originated from the locomotive of either of said corporations, that this defendant should not be held liable for said damages."

The testimony submitted by both plaintiff and defendant tended to show that the fire originated from a locomotive operated upon the track of defendant by the Gardner and Lacy Lumber Company, pulling logs between "chaingang" and Conway, under an agreement authorizing the use of defendant's track for certain hours of the day and subject to the control of defendant's train orders.

At the close of all the testimony, defendant moved to direct a verdict on the first cause of action, on the ground that the testimony showed that the fire did not originate from any locomotive of defendant, but from the locomotive of the Gardner and Lacey Lumber Company which had trackage rights, and that Gardner and Lacey Lumber Company were not agents of the defendant within the meaning of the statute, and also moved to direct a verdict on the second cause of action on the ground that there was no testimony tending to show that the fire originated in consequence of the negligence of the defendant, its servants, agents or employees. His Honor, Judge Aldrich, who tried the cause, refused to direct a verdict, to which ruling exception is taken.

We think there was no error in this. According to the testimony, defendant was in control of the track and right of way, operating its own trains thereon, and by its train orders directing and controlling the locomotives and log trains of the Lumber Company while occupying its track. These facts distinguish this case from *Rogers* v. *Railroad Company*, 31 S. C., 378, 9 S. E., 1059, where the fire originated within the limits of the right of way by the acts of the servants of an independent contrac-

tor constructing the road, and from *Hunter* v. *Railroad Company,* 41 S. C., 86, 19 S. E., 197, and *Lipfeld* v. *Railroad Company,* 41 S. C., 286, 19 S. E., 497, where the fire was communicated by the locomotive owned by a lessee operating the road.

Section 2136 provides: "Every railroad corporation shall be responsible in damages to any person or corporation whose buildings or other property may be injured by fire communicated by its locomotive engines, or originating within the limits of the right of way of said road in consequence of the acts of any of its authorized agents or employees, etc."

The very strict construction given to this statute in the cases above cited should not be so extended as to defeat the object of the statute. We do not think either the purpose or language of the statute excludes a case like the present. The acts of negligence of the Gardner and Lacey Lumber Company and its servants, while using defendant's track under defendant's train orders, should with respect to such use be regarded as the authorized agents of the defendant.

With respect to the second cause of action, based on negligence there was testimony tending to show that while the locomotive in question was equipped with a good spark arrester when using coal, that it was very dangerous to have such an arrester while burning wood and that wood was burned on this occasion.

At the close of the testimony the Court permitted plaintiff to amend his complaint to conform the same to the facts proved and exception thereto is taken by appellant. The allegation as to the first cause of action is: "That on or about the 29th day of March, A. D. 1907, a fire was communicated by or from defendant's locomotive to the said tract of land, either directly or indirectly, by originating within or along said defendant's right of way and being communicated therefrom to plaintiff's land and burning over a large portion thereof, etc." The amendment

allowed was to insert after the words "right of way" the words "or originating within the limits of the right of way of said railroad in consequence of the acts of its authorized agents or employees." The second cause of action was amended so as to insert after "defendant" the words "its authorized agents and employees."

Section 194 of the Code of Civil Procedure authorizes amendment to conform pleadings to the facts proved when the amendment does not substantially change the claim or defense.

Under the views we have expressed above, the amendment did not substantially change the claim of plaintiff and was therefore within the power of the Court to grant, and we see no abuse of discretion in granting the same.

Exception is taken to the following charge to the jury: "If the fire originated through the careless act or through the act of those operating that engine in allowing sparks to escape from it, not taking proper steps to prevent the sparks from getting out and causing the fire to originate on the right of way, or if the parties operating that train in any other way caused the fire to originate on that right of way and escape and burn the property of the plaintiff, then the defendant is liable, because those parties, so acting under its orders, direction and authority are its authorized agents and employees, notwithstanding they may have been known and called the agents and employees of somebody else."

The first specification of error is that it was a charge upon the facts in violation of art. V, sec. 26 of the Constitution. We can not so hold.

The charge was in reference to the action under the statute. The reference to the facts was hypothetical and the jury was left free to find the facts, without any intimation as to the Court's opinion upon the facts. The language, "so acting under its orders, direction and authority, are its authorized agents," must be construed with reference to

the charge immediately preceding the above quoted portion as follows: "If, however, that engine belonged to somebody else, and yet at the time being it was being operated by the defendant under its order, under its control, and by its direction, then for the purposes of this action that engine belongs to the defendant."

The whole charge shows that no fact in dispute was assumed as true.

The remaining specification of error to the charge is disposed of by the view already expressed that the case is one falling within the statute.

The judgment of the Circuit Court is affirmed.

MR. JUSTICE HYDRICK *did not sit in this case.*