## GREGORY v. LAYTON.

1. LAWFUL ACTS—DAMAGES TO ADJACENT LANDS.—Acts done by a person upon his own premises give no cause of action to his neighbor for resulting damages, unless the acts were negligently done or the damages were the natural and probable consequences of such acts. A party is not responsible for the possible consequences of his lawful acts done on his own land.

Before WALLACE, J., Union, October, 1890.

Action by W. S. Gregory against James T. Layton. The judge charged the jury as follows:

*Mr. Foreman and Gentlemen:* It is well enough that you should understand precisely what the issues are, in order to enable you to comprehend clearly the legal rules with regard to them that I shall briefly state to you. There are in the complaint two causes of action. The first is, that on or about the 27th day of April, 1888, the defendant so carelessly and negligently used fire on his own premises, and employed servants who so carelessly and negligently used fire on his premises, that said fire reached the land, and so on, of the plaintiff's, and it is alleged that thereby plaintiff's property was injured, and that he is therefore entitled to damages.

You will observe that the allegation is that the defendant and

his servants negligently and carelessly used fire, and by reason of such negligence and carelessness, fire was communicated to the property of the plaintiff. It is a general rule, and an invariable rule, a general rule with only one exception that I know of now, that he who affirms a fact as a ground of a right of recovery, must prove it in order to entitle himself to recover. You will see here that the ground of the right of recovery for the burning of the land was the negligent use of fire by the defendant and his servants. So in order to entitle him to recover for damages thus alleged, it is incumbent upon the plaintiff to show that the fire was thus negligently used.

There is one exception which I will state to you, in order to make more salient the general rule. We have a very noted case in our reports, known to the profession as the "Danner's Case," in which our Supreme Court before the war held, and it has been followed ever since, that when any property was injured by the agents or employees of a railroad company, it was sufficient to prove the injury, and that would *prima facie* entitle the plaintiff to recover, unless the defendant showed that the injury was not negligently done. That is universally recognized by the profession everywhere as a departure from the general rule, and the reason given in support of the decision in that case was, that the defendant as a general rule could not, in the nature of things, know the facts and circumstances that attended the injury complained of, and that the agents and employees of the railroad company must necessarily know, the facts being exclusively within their own knowledge, and thus the burden of showing that they were innocent, that the injury was not negligently done, was devolved upon them. That is the exception to the general rule that prevails throughout all the civilized world, that whenever one complains of another as having injured him through his negligent conduct, he must prove the negligent conduct, in order to entitle himself to recover.

And just so here. The plaintiff alleges that by the negligent and careless use of fire by the defendant and his servants, his property was injured. As I have already said, in order to entitle himself to recover damages for any such injury, he must prove that the fire was negligently used. The proof of the use of

fire is not enough. Because every man has a right to use his own as he pleases. He can burn up his own houses if he wants to. There is no law prohibiting him from doing it. But he must not do it in such a way that his neighbors will be injured by his act on account of his careless conduct in exercising his own right.

The testimony here is, that the defendant's servants were clearing off a bottom, were burning briars and bushes. That when the fire was first set to the briars and bushes the weather was quiet, but while the briars and bushes were afire, some hours after they were originally set, the wind arose, and they exerted themselves to prevent the spread of the fire. But the fire did spread. As you have heard the colloquy betwixt the court and the members of the bar on yesterday, I charge you that in that proof there is no proof of negligence. It was simply the proof of the exercise of a right upon the part of the defendant, and to entitle the plaintiff to recover, he must go further and not only show that the fire was set, because that is a plain right that he had that he could exercise at his will, but he must go further and show that in the exercise of that right he was guilty of negligent conduct, and in consequence of such negligence and careless conduct his neighbor was injured, and if he had done that he would be entitled to a verdict for damages, and if has not done that, he is not entitled to a verdict for damages. So much for the first cause of action.

The second cause of action, that between the 1st day of December, 1877, and the 1st day of May, 1888, the defendant injured and damaged the land of the plaintiff to the amount of $500, by wrongfully and unlawfully stopping up a ditch and by erecting an embankment, and by otherwise obstructing the natural flow of the surface water from plaintiff's land, and the natural flow of water from a spring upon plaintiff's land, which produced a continuous flow of water, thus causing all of said water to pond on plaintiff's land and to flow back thereon out of its natural course and to spread thereon, rendering said land, which was otherwise valuable, unfit for cultivation and valueless. That is the second cause of action. Briefly and unartificially stated, the allegation is that the defendant here, by a ditch and embankment, obstruct-

ed the flow of the surface water from plaintiff's land and the spring water from plaintiff's land, and detained it upon plaintiff's land, where it ponded and injured plaintiff. That is the allegation. If that is sustained by proof, that is a good ground for recovery for damage against the defendant.

What are the rules of law applicable to such allegations? As stated by counsel in his argument yesterday for the plaintiff, every man is responsible for the probable and natural consequence of his act in so far forth as that injures others. As I have already stated to you, a man has an absolute right to do as he chooses with his own, but with the limitation that in doing as he chooses with his own, he assumes the responsibility that his act, whatever it may be, shall not injure his neighbor directly and positively, because if he does he is responsible in damages to the extent that his neighbor is so injured. There must be an actual effect produced upon the property of his neighbor. It is not enough that what one proprietor does, interferes with the convenient use of his neighbor's land. That does not touch it. Any act for which he is responsible in damages must produce a direct and positive effect upon the property of his neighbor.

The allegation here is, that the defendant, Dr. Layton, did certain things upon his own land. Primarily he had a right to do it. But if in consequence of that act some direct and positive injury was produced upon the land of the plaintiff, then he is responsible in damages to the extent of the injury. You will see the distinction between the principle that I have stated to you in regard to this second cause of action, and the principles stated to you in regard to the first cause of action. In one the act must be negligently done in order to sustain an action for damages. In the other the result must be the natural consequence of the act done. You can see the reason of this distinction in a moment. Take the setting of the fire. As I have already stated to you, he had a perfect right to do that. But it cannot follow as a probable and natural cause from seting fire to the briars and bushes upon his own land that his neighbor's land would be injured, and therefore the only ground of responsibility under those circumstances is negligence.

That is one rule, just as in regard to railroads, the railroad

has a right to run trains over its track. It is not probable or natural that anybody should be injured by the exercising of that right on the part of the railroad company, because in comparison with the amount of running done on a railroad track, the accidents are infinitesimally small. They are exceptions to the rule, and they are not the necessary and probable consequence of the act, and therefore the only ground of recovery where an injury is sustained is the careless exercise of a right. On the other hand, wherever any man does an act, no matter whether carelessly done, or carefully and skilfully done, done with the utmost care possible, if the natural and probable consequence of that act is to inflict some actual, positive injury upon the property of another, then to the extent of the injury which is sustained, he will be responsible in damages. That is the difference between the two principles that are invoked in this proceeding.

There are a few other principles that I may state to you, and they follow as corollaries from the proposition that I have already stated to you. If any man has a right to do an act, or if one man assumes the responsibility, incurs the liability of responding to any injury for any injury that followed the reasonable, probable, and necessary consequences of his act, then, of course, he has got no right to turn water upon the land of another, if, by so doing, any injury is sustained. If one man digs a ditch and puts surface water or any other water upon the land of another. by means of which an injury is sustained by that other, it is a violation of this principle, and he must take the consequences. He has no right to do it. If he undertakes to do it, the person upon whom it is attempted to turn the water has the right to stop it up, unless he has a license from the person upon whose land the water is turned, or unless he has a legal right to do it from the legal presumption of a license by having done it for 20 years without let or hindrance upon the part of the person who owns the land upon which the water is turned.

Nothing else occurs to me that I think it necessary to state as a matter of law that may aid you in the solution of the issues in this case. If you should think the plaintiff is entitled to damages, he is entitled to such damages as you think from the proof that he has sustained. I charge you as matter of law that he is

7—36

not entitled to damages on account of the fire.    This case comes
up in rather unusual shape, and so I think your verdict, in order
to be responsive to the issues, must be in rather an unusual
shape, too.    If you think the plaintiff is not entitled to recover
damages on either cause of action, say generally, "We find for
the defendant."    I have already charged you that there is no
evidence to support a verdict against the defendant for charge of
the fire.    That is the first cause of action.    And if you find that
the plaintiff is entitled to recover on the second cause of action
for the water, then you say, "We find for the defendant on the
first cause of action, and we find for the plaintiff on the second
cause of action," so much as you find the damages to be.    Take
the record.

*Mr. D. A. Townsend,* for appellant.

*Mr. William Munro,* contra.

April 19, 1892.    The opinion of the court was delivered by

Mr. CHIEF JUSTICE McIVER.    The complaint in this case sets
forth two causes of action : one that "the defendant so carelessly
and negligently used fire on his own premises, and employed
servants who so carelessly and negligently used fire on his prem-
ises that said fire reached the land and premises of the plaintiff,"
thereby causing the injuries for which damages are claimed ; the
other that "the defendant injured and damaged the land of the
plaintiff to the amount of $500, by wrongfully and unlawfully
stopping up a ditch and by erecting an embankment, and by
otherwise obstructing the natural flow of the surface water from
plaintiff's land, and the natural flow of water from a spring on
plaintiff's land (which produces a continued flow of water), thus
causing all of said water to pond on plaintiff's land and to flow
back thereon, out of its natural course, and to spread thereon and
rendering said land, which was otherwise valuable, unfit for cul-
tivation and valueless."

The jury found for the defendant, and the plaintiff appeals,
basing his appeal upon the following exceptions to the charge of
the Circuit Judge : 1. Because his honor erred in charging the

jury that, "It is not enough that what the proprietor does, interferes with the convenient use of his neighbor's land. That does not touch it. Any act for which he is responsible in damages must produce a direct and positive effect upon the property of his neighbor." 2. Because his honor erred in charging the jury that, "the result must be the natural consequence of the act done. * * * If the natural and probable consequence of the act is to inflict some actual, positive injury, then he will be responsible in damages."

The charge of the Circuit Judge is set out in full in the "Case," and we think it furnishes its own best vindication from the errors imputed in the exceptions; and for this purpose it should be embraced in the report of the case. The first exception seems to impute two errors to the Circuit Judge: 1st. In saying that the fact that the act done by one proprietor on his own land interferes simply with the convenient use of his neighbor's land, is not sufficient to give a right of action for such act. 2nd. That to render one responsible in damages for an act done by the defendant on his own land, such act must produce a direct and positive injurious effect upon the property of his neighbor. It is true that in this exception it is not stated that the language there quoted from the charge was used in reference to an act done by defendant upon his own land; but by examining the charge, it is apparent that these extracts were taken from that portion of the charge where the judge was speaking of an act done on defendant's own land, and therefore the charge must be considered as applicable to a case in which it is sought to make a person liable for damages alleged to have resulted from an act done on his own land.

Inasmuch as a person has the unquestionable right to use his own property as he chooses, doing with it as he pleases, the mere doing of an act upon one's own property cannot, of itself, render one liable to an action for damages, but such liability must depend upon the manner in which it is done, or upon the nature of the act itself. If it is done so negligently as that thereby his neighbor's property is injured, or if the act is such that its natural and probable consequences would be to injure the neighbor's property, then the wrong consists in the

negligence with which the act is done, or that the act itself was of such a nature as that the natural and probable consequences of it would be to injure the neighbor. The mere fact that the act causes inconvenience to the neighbor is not sufficient, for it is very obvious that there are very many acts which a person may lawfully and with perfect immunity do upon his own premises, which may result in some inconvenience to his neighbor. To support this view, it is only necessary to refer to the cases collected in 5 Am. & Eng. Encycl. Law, 74 *et seq.*, and to the case of *Thompson* v. *Richmond &c. Railroad Company*, 24 S. C., 366, where it was held that section 1511 of General Statutes was enacted for the express purpose of eliminating any question of negligence, or any question of remote or proximate cause in an action against a railroad company to recover damages for any injury sustained by fire which originated on the right of way of a railroad company, from some act of the company or its agent or employee, thereby impliedly recognizing the correctness of the rule above laid down as to persons other than railroad companies.

What we have said disposes of the question presented by the second exception, for it cannot for a moment be held that a person can be held responsible for all *possible* consequences which may result from a lawful act done upon his own premises, as even the most innocent and necessary act which may be done by one upon his own premises may *possibly* result in some injury to his neighbor.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.