DEAN v. CHARLESTON AND WESTERN CAR. R. R. CO.

DAMAGES—FIRE—RAILROADS—REAL PROPERTY—PERSONAL PROPERTY—REV. STAT., 1688, CONSTRUED.—The first clause of Rev. Stat., 1688, relating to liability of railroad companies for property destroyed by fire from their locomotives, embraces real and personal property (trees, underbrush, leaves), and the second clause does not limit the property so destroyed to such as the company can obtain insurance upon.

Before KLUGH, J., Anderson, December, 1898. Affirmed.

Action by W. T. Dean against Charleston and Western Car. R. R. Co., for damages for burning the trees, underbrush, and leaves on ten acres of land. From judgment by D. N. Russell, magistrate, in favor of plaintiff, defendant appeals to Circuit Court, and from judgment affirming magistrate, it appeals.

*Mr. S. J. Simpson,* for appellant, cites: *On second question:* 37 Me., 92; *Ross.* v. *R. R. Co.,* 6 Allen; *Grissell* v. *Ry. Co.,* 32 E. & A. Ry. C.; 41 S. C., 92; 38 S. C., 103; 24 S. C., 366.

*Mr. J. E. Breazeale,* contra, cites: *On first question:* 24 S. C., 370; 38 S. C., 114. *On second question:* 2 L. R. A., 598; 48 S. C., 228; 36 S. C., 213.

July 17, 1899. The opinion of the Court was delivered by

MR. JUSTICE JONES. This appeal is from the judgment of the Circuit Court affirming the judgment of the magistrate in favor of plaintiff in an action for damages to plaintiff's land caused by fire, communicated by one of defendant's locomotive engines, which burned over about ten acres of land, destroying nearly all the trees, underbrush and leaves thereon. The action was brought under section 1688 of the Rev. Stat., and the questions presented by the exceptions turn upon the construction of the statute. It is as follows: "Every railroad corporation shall be responsible in damages to any person or corporation whose buildings or other property may be injured by fire communicated by its locomotive engines, or originating within the limits of the right of way of said road, in consequence of the act of any of its authorized agents or employees, except in any case where property shall have been placed on the right of way of such corporation unlawfully, or without its consent; and it shall .

have an insurable interest in the property upon its route for which it may be so held responsible, and may procure insurance thereon in its own behalf."

The language of the first clause of this statute is sufficiently comprehensive to embrace any kind of property, real or personal, that may be injured by fire. Appellant's contention is that the last clause giving the railroad company "an insurable interest in the properties upon its routes, &c.," restricts this general language to such property as the corporation could procure to be insured. But we agree with the Circuit Court that this construction is not warranted. The last clause is not restrictive of the first, but confers a right or privilege. As a contract of fire insurance is one for indemnity for loss, it is essential that the insured have an insurable interest in the property in order to sustain such a contract. But for the statute, the railroad company, except as to its own property, or property in its custody as common carrier, &c., could not sustain a policy of insurance for want of an insurable interest therein. Having an insurable interest in property, and being able to effect insurance thereon, are two very different things. The latter depends upon the willingness of the parties concerned to enter into a contract of insurance in reference to that particular property, as to which the statute is not concerned. There is nothing in the nature of the property injured or destroyed in this case, which renders it inherently incapable of being the subject of insurance. This precise point has not been heretofore ruled upon by this Court. In *McCandless* v. *R. R. Co.,* 38 S. C., 103, the action was for damages for wood, timber, &c., burned by a fire communicated by a locomotive engine, but defendant conceded its liability under the statute, if it was constitutional, and the point decided in that case was that the statute was constitutional. The case of *Thompson* v. *R. R. Co.,* 24 S. C., 366, decides that the statute eliminates the question of negligence, and that under it the railroad company is responsible for furniture and other personal property contained in a house outside the limits of

rights of way, which was destroyed by fire communicated by defendant's locomotive. The Court in this last case, however, observed that the general and comprehensive terms of the statute were without limitation as to the location or kind of property that may be injured by fire.

In other States having statutes like ours, the Courts have generally construed the statute in accordance with our view. *Perley* v. *Eastern Railroad Company,* 98 Mass., 414, 96 Am. Dec., 645; *Grissell* v. *Housatonic R. R. Co.,* 54 Conn., 447, 1 Am. St. Rep., 138; *Campbell* v. *Missouri R. R. Co.,* 121 Mo., 340; 42 Am. St. Rep., 530; *Pratt* v. *Atlantic & St. Lawrence R. R. Co.,* 42 Me., 579. It follows from the foregoing views that there was no error in excluding testimony offered in the magistrate's court to the effect that defendant was unable to procure insurance on the property injured or destroyed.

The judgment of the Circuit Court is affirmed.