DAVIS v. CHARLESTON & WESTERN CAROLINA RY.

1. Negligence—Machinery.—Evidence that a boiler was old, rusty, cracked and patched, and that it exploded at the point where the patch was, is evidence from which a jury may infer that it exploded because of these defects.

2. Ibid.—One is not liable to his neighbor for damages to his property caused by explosion of a boiler on his own premises, unless he was negligent.

Before Ellis G. Graydon, special Judge, Laurens, December, 1904. Reversed.

Action by Annie C. Davis against Charleston and Western Carolina Railway Co. From order of nonsuit, plaintiff appeals.

*Mr. F. P. McGowan,* for appellant (no argument for reporter).

*Messrs. Simpson & Cooper,* contra, cite: *No proof of negligence:* 66 S. C., 256; 69 S. C., 529.

July 6, 1905. The opinion of the Court was delivered by

Mr. Justice Woods. The complaint alleged the explosion of a boiler owned by defendant and operated at a coal chute on its right of way, by which the boiler, hot water, steam, cinders, gravel and mud were thrown upon plaintiff's premises, knocking down his fence and causing other damage to the amount of one hundred and fifty dollars. It was charged that the explosion was due to the negligence of the plaintiff in operating "an old, worn-out and defective boiler." A nonsuit was granted on the grounds, (1) that there was not evidence to establish that the boiler was defective, and (2) that, if defective, there was no evidence the explosion was due to the alleged defect.

The plaintiff testified as follows: "Q. Describe what kind of a place it exploded, the rent in the boiler? A. It ex-

ploded from the bottom. I expect it is about twelve or fourteen inches where it exploded; busted up. Q. How did the iron look where the burst was; as being an old or a new piece of iron? A. It looked like an old piece of iron. From the appearance of the patches there it was not new iron. It had been patched several times. Q. How about any rust, corrosion, scales on it? A. Yes, sir; it was an old boiler, rusty and scaly. Q. You say it was old and rusty and had been patched? A. Yes, sir."

This was followed by the evidence of the witness, J. W. Hargrove: "Q. Where was the patch on the boiler? A. It was on the front part. Q. Near the fire flues? A. Down near the fire flues. Q. No pressure on it there from the steam? A. I don't know anything about that. It was patched; the crack came all around, and a patch was put over it under the fire box where it burnt out. Q. Was the explosion near the patch? A. Right at the patch where it was burnt out. Q. Was the patch torn off? A. It was all torn off."

It is true, the patch did not necessarily indicate that the boiler was not reasonably safe, but evidence that it was not only patched but old, rusty and scaly, and cracked all around, was certainly sufficient to carry the case to the jury on the issue of negligence in operating a defective machine.

Explosion at the point on the boiler where the alleged defects existed is evidence from which the jury could reasonably infer it was due to these defects. That the accident was due to defective machinery may be proved by circumstances as well as by direct proof. *Edgens* v. *Gaffney Manufacturing Co.,* 69 S. C., 530; *Keys* v. *Winnsboro Granite Co.,* 72 S. C., 97. Indeed, after destruction of a machine by explosion it would generally be impossible to adduce more direct evidence of the cause of the accident than to prove the giving way of the machine at the point where it was defective. For these reasons, we think the Circuit Judge was in error in granting the nonsuit.

8—72

The further position taken that the defendant is liable at all events for the damages to the plaintiff without respect to whether he was negligent or not cannot be sustained.

"Inasmuch as a person has the unquestionable right to use his own property as he chooses, doing with it as he pleases, the mere doing of an act upon one's own property cannot, of itself, render one liable for an action for damages, but such liability must depend upon the manner in which it is done, or upon the nature of the act itself. If it is done so negligently as that thereby his neighbor's property is injured, or if the act is such that its natural and probable consequences would be to injure the neighbor's property, then the wrong consists in the negligence with which the act is done, or that the act itself was of such a nature as that the natural and probable consequences of it would be to injure the neighbor." *Gregory* v. *Layton,* 36 S. C., 93, 99, 15 S. E., 352. It cannot be said, in the absence of negligence, that explosion is the natural and probable consequence of operating a steam boiler.

The judgment of this Court is, that the judgment of the Circuit Court be reversed.