### 7719

### GREEN BRABHAM CO. v. ATLANTIC COAST LINE R. R. CO.

1. CARRIER—COMMUNICATED FIRES—WAIVER—ISSUES.—From the fact that a carrier permitted a cotton dealer to leave his cotton as weighed placed on its platform until he got enough to make up a shipment for a number of years, it may be inferred the carrier waived its right to insist upon its public notice that it would not be liable for cotton placed on its platform without its consent unless ready for shipment, and the issue of waiver was properly sent to the jury.
   *Insurance Co.* v. *Ry.,* 77 S. C., 467, *distinguished from this case.*

2. IBID.—IBID.—NEGLIGENCE.—In suit under the statute for damages from communicated fires it is not necessary to show negligence, and the fact that an engine is equipped with a modern spark arrester, in good condition, and there being no evidence that the engine was emitting sparks, are not conclusive that it did not throw sparks.

Before SEASE, J., Bamberg, Winter Term, 1910. Affirmed.

Action by Green Brabham Company against Atlantic Coast Line Railroad Company. From judgment for plaintiff, defendant appeals.

*Messrs. J. T. Barron* and *S. G. Mayfield,* for appellant, cite: *Presence of cotton on platform is no evidence of consent by carrier:* 77 S. C. 467. *The engine being in good condition and no evidence of throwing sparks, appellant is not liable:* 77 S. C. 467. *Carrier has the right to limit its liability against loss of property on its right of way:* 33 Cyc. 1330.

*Messrs. H. M. Graham* and *James E. Davis,* contra. *Mr. Graham* cites: *The appellant is liable:* Code 1902, 2135; 76 S. C. 476; 78 S. C. 103, 444; 54 S. C. 603; 70 S. C. 16. *Appellant by promising payment waived its right to deny liability:* 54 S. C. 603; 70 S. C. 16; 78 S. C. 444.

November 16, 1910. The opinion of the Court was delivered by

MR. JUSTICE HYDRICK. This appeal is from a judgment against defendant for damages by fire to twenty-six bales of cotton, which plaintiff had placed on defendant's platform at Cope. The fire is alleged to have been set out by a spark from one of defendant's engines. The action was brought under Section 2135 of the Code of 1902, which provides that railroad corporations shall be responsible to any person for damages to his property caused by fire communicated by its locomotive engines, "except in any case where property shall have been placed on the right of way of such corporation unlawfully or without its consent." Defendant denied that the fire was set out by its engine, and alleged that the cotton was on its platform without its consent. At the time of the fire, and for several years before, defendant had kept posted on its depot a notice as follows: "All persons are hereby forbidden to place cotton or other property upon the right of way or premises of this company, unless the same is tendered for shipment with full shipping directions given to the agent of the company at the time such property is so placed; the company will assume no responsibility or risk of any kind for the property so unlawfully placed upon its premises without its consent, but the same will be at the full risk and care of the owner." Plaintiff's manager had seen and read the notice. But the testimony tended to show that for about three years plaintiff had been buying cotton, and, from time to time, as it was bought, it was carried to defendant's platform and weighed by the public weigher, and left there, until enough

had been bought to make up a shipment, when plaintiff would call upon defendant's agent, give him shipping instructions and get a bill of lading. Such shipments were made every two or three days during the cotton season. The public weigher received and weighed cotton for plaintiff and others on defendant's platform, and defendant's agent often assisted him in weighing cotton. Plaintiff's cotton was usually placed on a certain part of the platform. Defendant's agent knew of and acquiesced in such use of the platform, though his express consent thereto was neither asked nor given.

The defendant moved the Court for the direction of a verdict in its favor, on the ground that plaintiff's manager having seen and read the notice posted on its depot, the cotton must be held to have been placed on the platform without its consent, and at the risk of the owner. The motion was refused, and the Court instructed the jury that defendant might waive its rights under the notice, and if they found from the evidence that it did, and that the cotton was on the platform with its consent, and that it was set on fire by its engine, defendant was liable.

From the course of dealing between plaintiff and defendant, as shown by the testimony, the Court could not have said, as a matter of law, that defendant had not waived the right to insist upon the prohibition contained in the notice, and that the cotton was on its platform without its consent. While the testimony to support plaintiff's contention is not very strong, still it is susceptible of more than one inference, and in such cases a question of fact arises which must be left to the jury. If the correct inference from the testimony was that the cotton was on defendant's platform with its consent, and was set on fire by its engine, and by their verdict the jury found that it was, then, by the express terms of the statute above quoted, defendant is liable. The fact of posting a notice prohibiting the placing of cotton by the general public on defend-

ant's right of way, and actual knowledge of the contents of the notice by plaintiff's manager and agent, are not alone sufficient, in view of the course of dealing between plaintiff and defendant, as shown by the testimony, for the Court to have said as matter of law,—or a rule of evidence,—that plaintiff's cotton was placed there without defendant's consent, and subject to the terms of the notice. Railway corporations have many rules and regulations which they may and do waive under special circumstances in favor of certain patrons. There is no reason why the owner of property placed on the right of way of a railroad, with its consent, may not waive his right, under special circumstances, in favor of certain patrons. There is no reason why the owner of property placed on the right of way of a railroad, with its consent, may not waive his right, under the statute, to hold the corporation liable for its destruction by fire communicated by its engines; and if he obtains the consent of the corporation to place it there on condition that he waive that right, he will be bound by the condition. The case of *Insurance Company* v. *Ry.*, 77 S. C. 467, 58 S. E. 337, is easily distinguished from this case. In that case Millett & Co., cotton buyers, sent their cotton, as they bought it, from time to time, to the railway station, had it weighed and left it there on the platform, until a sufficient amount was bought to make up a shipment. But, as each lot of cotton was deposited on the platform, the company sent the owners a notice that it was placed there without its consent, and at the owner's risk, until it was tendered and accepted for shipment. The owners understood and accepted the notices sent by the company as an express agreement,—and they were held to be such by the Court,— that the company did not consent to placing the cotton on its right of way and should not be held liable for it, until it was actually tendered and accepted for shipment. In that case, the parties admitted a fact which took the case out of

the terms of the statute, to wit, that the cotton was placed on the right of way without the consent of the company. In this case, there was no such agreement or admission, unless it could be inferred from the posted notice and actual knowledge by plaintiff's agent of its contents, and the placing of the cotton on the right of way after such knowledge. But whether it was placed there subject to the provisions of the notice, or under an implied consent, which might reasonably have been inferred from the course of dealing between plaintiff and defendant, running through several years, notwithstanding the posted notice, was a question of fact, which was properly left to the jury. *Copeland* v. *Ry.*, 76 S. C. 478, 57 S. E. 535; *Yarborough* v. *Ry.*, 78 S. C. 103, 58 S. E. 936; *Hutto* v. *Ry.*, 81 S. C. 571, 62 S. E. 835.

In *Yarborough* v. *Ry.* defendant's testimony tended to show that a notice similar to the one in this case was posted on the depot, though plaintiff denied having seen it. The Circuit Judge charged the jury that they might infer the consent of the railway company to the placing of property on its platform from the fact that an agent of the company had notice of its being placed there and made no objection. The instruction was held to be erroneous as a charge upon the facts. In discussing the inference which might be drawn from the failure of defendant's agent to object to the placing of property on defendant's platform by a shipper who had seen the notice, the Court said: "Whether such inference (of the consent of the company) could be fairly drawn from failure to make specific objection in each case was entirely a question of fact for the jury, upon which the Constitution forbids a Circuit Judge to express an opinion." There was therefore no error in the ruling and charge of the Circuit Judge in this case.

The defendant requested the Court to charge that if its engine was equipped with spark arrester and the most modern equipment for the prevention of fires, and the same

were in good order, negligence could not be attributed to the defendant in the absence of testimony showing that sparks were being emitted from the engine. This request was properly refused. If fire was communicated to plaintiff's cotton by the engine,—and that was the fact in issue,—the defendant is liable without regard to whether it was negligent or not. *Hutto* v. *Ry., supra,* and cases cited. While the engine may have been equipped as suggested in the request, and as defendant's testimony tended to prove, it may, nevertheless, have thrown out sparks, on account of careless and unskillful management. Again, it may not be possible, even with the best and most improved equipment, and most careful and skillful management, to entirely prevent the emission of sparks from an engine. The engineer who was running the engine which is alleged to have set fire to plaintiff's cotton testified that any engine will throw out some sparks. That an engine was properly equipped and carefully and skillfully managed are facts for the consideration of the jury in determining the question of negligence, when that is an issue, or in determining the question whether it did, in fact, emit sparks upon any given occasion, but the Court cannot say, as matter of law, that evidence of such equipment and management conclusively negatives either proposition; because we know from experience and observation that the most improved and skillfully devised machinery and appliances sometimes fail to perform their functions, and that the most careful persons are sometimes negligent.

Judgment affirmed.