14326

MELLETTE v. ATLANTIC COAST LINE R. CO. ET AL.

(186 S. E., 545)

Before Ramage, J., Sumter, October, 1935.

Mr. L. D. Jennings, for respondent,

July 6, 1936.

The opinion of the Court was delivered by MR. JUSTICE FISHBURNE.

This action was brought to recover damages alleged to have been sustained by the plaintiff on account of a fire which destroyed certain sawmill and gin machinery and 1,200 feet of lumber owned by him, and which were installed and stored in a gin house leased by the plaintiff. The cotton gin building was situated on the northern side of the railroad company's right of way, at Cane Savannah, which is a flag station on the Sumter-Columbia branch of the railroad company located six miles west of Sumter and four miles east of Wedgefield. The fire in question occurred shortly after midnight on April 15, 1935.

The plaintiff joined as defendants with the railroad company, A. B. Fowler, engineer, and W. E. Large, fireman, who were in charge of the operation of train No. 808 (the alleged offending train), which passed Cane Savannah at 11:20 o'clock on the night of April 14, 1935.

The defendants denied the material allegations of the complaint. Upon trial a verdict was returned in favor of the plaintiff. The defendants base their appeal to this Court upon two exceptions, which assign error to the Circuit Court:

(a) In not granting the motion of the defendants for an order of nonsuit, made at the conclusion of plaintiff's testimony, because it did not appear, by any reasonable inference that might have been drawn from the testimony offered on behalf of the plaintiff, that the fire which caused the damage alleged in the complaint, was caused or occasioned by or through any negligence on the part of the defendants.

(b) In not granting the motion of the defendants for a directed verdict made at the conclusion of all the testimony, on the ground that it did not appear that there was any testimony from which it could reasonably have been inferred that the fire which caused the damage alleged in the complaint was the result of, or was caused or occasioned by any negligence on the part of any one or all of the defendants, and, on the contrary, the only reasonable inference that could have been drawn from all the testimony was that such fire was not caused by the defendants.

By way of preliminary, we should state that in construing the complaint to determine the nature of the cause of action sued upon, the trial Judge held that the complaint did not allege a cause of action under the statute (Section 8362, 1932 Code), but that it was brought solely upon the theory of common-law negligence. He said, "I hold you have got to prove negligence—that is the only theory you could recover on. I hold under my construction you have alleged negligence, and you have got to prove it. I hold this case is founded on negligence, and not on the statute, and plaintiff has got to prove negligence by the greater weight of the evidence, under the allegations of the complaint," and the trial Judge instructed the jury in accordance with this ruling. To that portion of the Judge's charge, so announcing and applying the legal standard of defendants' liability, no exception was taken by the plaintiff, and the case was tried upon this theory alone. Nor, during the trial, did he move to amend his complaint. *Birt v. Southern Ry.*, 87 S. C., 239, 69 S. E., 233. The appeal must, therefore, be considered in the light of the general rule that the theory pursued in the trial Court with respect "to the relief sought and grounds therefor" must be adhered to in the Appellate Court. *Wilson v. Southern Ry. Co., Carolina Division*, 123 S. C., 399, 115 S. E., 764; 3 C. J., pp. 730, 737, §§ 625, 630; *Cothran v. Knight*, 45 S. C., 1, 22 S. E., 596; *Mc-*

*Kittrick v. Greenville Traction Company,* 84 S. C., 275, 66 S. E., 289.

In accordance with this rule, which is generally recognized, the construction of pleadings with regard to their nature and form, which is placed upon them in the trial Court, must be adhered to on appeal.

The appeal involves this question: Was there adduced a scintilla of evidence to be submitted to the jury that plaintiff's property was destroyed by fire due to the negligence of any one or all of the defendants?

Of course, if the nonsuit had been granted, the motion for a directed verdict would not have been made. As will be pointed out, the trial Court was clearly in error in not granting a nonsuit, and, unless additional testimony was furnished by the witnesses for the defendants to supply what was lacking in the testimony of the plaintiff, the motion for a directed verdict should likewise have been granted. *Blakely v. Atlantic C. L. R. Co.,* 172 S. C., 343, 174 S. E., 15. The record shows no such additional testimony. A verdict for the defendants should have been directed.

The facts of the case pertinent to a determination of that question, considered in the light most favorable to the contention of the plaintiff, are as follows:

Two public highways intersect the railroad at Cane Savannah; one is an unpaved road, crossing at right angles, and the other is the paved highway, which crosses at an acute angle. The gin house in question was located, according to the testimony of the plaintiff, about 50 or 60 feet from the rails, in the angle made by the railroad and the paved highway, and was entirely covered with tin, or was of some other metal construction. On the night of April 14-15, 1935, three of the defendant railroad company's trains passed Cane Savannah: No. 65, about 9:50 or 9:55 o'clock p. m.; No. 808 (the one complained of) left Sumter at 11:05 o'clock p. m., and passed' Cane Savannah about 11:20 o'clock p. m.; and Engine No. 800, pulling train No. 220,

from Columbia to Sumter, passed Cane Savannah about 11:40 o'clock p. m. or 11:45 o'clock p. m. The fire was first discovered by several Negroes in a passing car, and a Mr. Coble, in another car, between 12:30 and 12:40 o'clock a. m. on April 15, 1935.

The liability of a railroad company for the results of communicated fires is, under Section 8362, 1932 Code, absolute. No question of negligence or due care can arise. If it be established that the fire originated upon the right of way in consequence of the acts of any authorized agent or employee of the railroad company, or that it was communicated by its engines, the company is liable in damages for the subsequent injury. It must be borne in mind, however, that such is not the case here. The statutory liability does not apply. The question of negligence and of due care does arise. Therefore the first question to consider in this appeal is, Was the fire complained of caused or occasioned by any negligence on the part of any one or all of the defendants? If the testimony fails to show this, then the motion for a directed verdict, of course, should have been granted. The burden was upon the plaintiff to establish the allegations of the complaint as construed by the trial Court, which included proof of negligence as a proximate cause of the fire complained of.

A careful examination of the testimony clearly shows that to sustain the judgment in this case the Court would necessarily have to adopt the doctrine of *res ipsa loquitur*. It is admitted that train No. 808 passed Cane Savannah about 11:20 p. m. on April 14, 1935, but there is no proof whatever that the locomotive engine attached to this train was emitting sparks, nor proof of any acts, circumstantial or otherwise, connecting this train as the source or cause of the fire which destroyed the gin house and plaintiff's property located therein. The only testimony which remotely bears upon the question of origin or source of fire comes from two witnesses for the plaintiff, who on the

night in question were traveling in an automobile from Wedgefield toward Sumter, and who testified that they saw train No. 808 three or four hundred yards down the track, approaching Cane Savannah, and that at that distance the smoke was coming out of the engine "red every now and then." The engine at the time was three or four hundred yards distant from them, and from Cane Savannah crossing, and although it was in the nighttime, when sparks might be seen, they testified that they did not see any sparks being emitted from the smokestack.

Other testimony in the case, undisputed, shows that the track upon which this train was traveling was either level or slightly down-grade. There was no testimony of the use of excessive steam; that the train was unusually heavy and laboring; that it was going at an excessive rate of speed; nor any of the other familiar *indicia* usually encountered in suits for damages on account of communicated fires.

There were two windows on the upper side of the gin house, facing toward the railroad, but the testimony for the plaintiff fails to disclose that these windows were open on the night of the fire; there was, however, testimony that the windows were open two days before the fire. There was no fire around the gin house, according to the undisputed testimony, at the time train No. 808 passed, nor was any fire observable there 20 or 25 minutes later, when train No. 220 passed Cane Savannah. The plaintiff's theory is that the two windows referred to were open, and that a spark or sparks emitting from the smokestack of the engine pulling train No. 808 went through one or both of these windows, thus igniting the building, the inside of which was covered with lint. Of necessity, this must be the plaintiff's contention, because the entire exterior of the gin house was constructed of metal, as hereinbefore stated, and the fire when discovered, more than an hour after train No. 808 had passed, was found to be burning inside at the top of the building.

Unfortunately for the plaintiff, this theory is not supported by proof.

It was held in *Blakely v. Atlantic C. L. R. Co., supra,* that even in actions brought under the statute, no presumption will arise that a locomotive caused the fire simply because a locomotive was in the vicinity shortly before the fire was discovered; that there must be proof of some act upon which the presumption can be based.

Adverting to this statement in the *Blakely case,* it was said in *Epps v. Atlantic C. L. R. Co.,* 177 S. C., 32, 180 S. E., 559, 560, "However, the 'act' above referred to would in this case refer to the ejection of sparks, which may be proved by circumstantial evidence."

The complaint in the *Epps case* stated two causes of action, but only the one charging the statutory liability was considered. In that case fire was discovered in the grass on the right of way of the defendant immediately after the passing of a freight train. There was no fire on the right of way just prior to the passing of the train. In the *Epps case* the physical facts and circumstances clearly made an issue for the jury. One of the witnesses testified, "You could tell where the sparks hit the grass." And there was other strong circumstantial evidence. That case affords no aid to the respondent here.

The respondent in his brief asserts that the complaint in the case is based upon Section 8362, Code of 1932, and it is argued that the trial Judge was in error in construing the action to be one based upon common-law negligence; that it was only necessary to show that the fire which destroyed the plaintiff's property was communicated from the engine of the defendant railroad company, and this, it is contended, the testimony proves. The contention is also made that the record contains ample evidence of negligence. We are unable to join the plaintiff in these conclusions. The ruling of the trial Court in respect to the construction of the complaint on the trial below was final, and may not be con-

sidered on this appeal, as shown by the authorities cited herein. The record contains no proven facts upon which liability of the defendants could be predicated. The judgment appealed from is reversed, and the complaint dismissed under Rule 27 of this Court.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM and BAKER concur.

MR. JUSTICE CARTER did not participate.