### FRASER–PATTERSON LUMBER CO. v. SOUTHERN RY. CO.

Civ. A. 848.

District Court, W. D. South Carolina, Spartanburg Division.

Sept. 3, 1948.

---

Hyatt & Gossett, and Johnson, Johnson & Foster, all of Spartanburg, S. C., for plaintiff.

Sam R. Watt, and Rufus M. Ward, both of Spartanburg, S. C., for defendant.

WYCHE, District Judge.

In this action plaintiff seeks to recover damages under the provisions of Section 8362, Code of Laws of South Carolina, 1942, upon allegations that certain property of the plaintiff was destroyed by fire communicated by defendant's locomotive engine on or about April 16, 1945. The defendant, by its answer, admits that certain property of the plaintiff was destroyed by fire, but denies that such fire resulted from any act on the part of the defendant, and sets up two affirmative defenses: (1) Contributory negligence and contributory wilfullness; and, (2) a written contract between plaintiff and defendant in which the defendant agreed to furnish certain facilities on an industrial track for the plaintiff in consideration of the plantiff agreeing to indemnify and save harmless the defendant against any and all claims accruing for loss of damage by fire communicated by locomotive engines or trains of the defendant to buildings used by the plaintiff in connection with the business served by the industrial track.

The case is before me upon motion of plaintiff to strike the affirmative defenses of the defendant upon the ground that the same are redundant, immaterial, impertinent, evidentiary and prejudicial to the plaintiff.

The statute upon which plaintiff bases its cause of action is as follows: "§ 8362. Responsible for damages by fire.—Every railroad corporation shall be responsible in damages to any person or corporation whose buildings or other property may be injured by fire communicated by its locomotive engines, or originating within the limits of the right of way of said road in consequence of the act of any of its author-. ized agents or employees, except in any case where property shall have been placed on the right of way of such corporation unlawfully or without its consent, and shall have an insurable interest in the property upon its route for which it may be so held responsible, and may procure insurance thereon in its own behalf."

The precise question as to whether contributory negligence and contributory wilfullness constitute a defense to a cause of action brought under the foregoing statute has not been decided by the Supreme Court of South Carolina, but it is well settled that in an action brought under this statute the question as to negligence, proximate cause or remote cause is eliminated, and the only inquiry is whether the case falls within the terms and provisions of the statute.[1]

In the case of Thompson v. Richmond & D. R. Co., 24 S.C. 366, it was said: "An analysis of the terms of this section will show

[1] Gregory v. Layton, 36 S.C. 93, 100, 15 S.E. 352, 31 Am.St.Rep. 857; McCandless v. Richmond & D. R. Co., 38 S.C. 103, 113, 118, 16 S.E. 429, 18 L. R.A. 440; Hunter v. Columbia, N. & L. R. Co., 41 S.C. 86, 89, 19 S.E. 197; Wragges v. South Carolina & G. R. Co., 47 S.C. 105, 111, 25 S.E. 76, 33 L.R.A. 191, 58 Am.St.Rep. 870; Dean v. Charleston & W. C. Ry. Co., 55 S.C. 504, 506, 33 S.E. 579; Wilson v. Southern R., 65 S.C. 421, 426, 43 S.E. 964; Hutto v. Seaboard Air Line Ry., 81 S.C. 567, 571, 62 S.E. 835; Brown v. Seaboard Air Line Ry., 83 S.C. 557, 561, 65 S.E. 1102; Green Brabham Co. v. Atlantic Coast Line R. Co., 87 S.C. 258, 69 S.E. 290; Mallette v. Atlantic Coast Line R. Co., 181 S.C. 62, 186 S.E. 545.

that the legislature intended to make a railroad company liable for property destroyed by fire communicated by its locomotive engines, or by a fire which originated within the limits of its right of way in consequences of any act of an authorized agent, unless the property destroyed was placed on the right of way of the company unlawfully or without its consent.

"Hence, in a case of this kind, the only questions would be whether the property was destroyed by fire communicated by its locomotive engines, or by fire which originated on its right of way in consequence of the act of some agent of the company, and the only defences would be either that the fire, though originating on the company's right of way, was not the result of any act of one of the company's agents or employees, or that the property destroyed had been placed on said right of way unlawfully or without the consent of the company. Nothing is said in the act about negligence, and the very fact of such omission shows that the object of the act was to eliminate any question of negligence, inasmuch as under the law as it previously stood the company would only be liable in case of negligence. We are, therefore, forced to conclude, that the purpose of the act was to dispense with any inquiry into that subject, for it declares the company liable for property destroyed by fire, originating on its right of way from any act of any of its agents, without any qualification whatsoever, either as to negligence or otherwise.

"So, too, under the terms of the act, there can be no necessity for an inquiry as to whether the fire caused by the act of the company or its agents was the proximate or remote cause of the destruction of the property in question, as would have been the case under the old law; for it declares in absolute terms, without any qualification, that the company shall be liable for the destruction of property by fire which originated within the limits of the right of way from some act of the company or its agent or employee, and this precludes any inquiry as to whether the fire so originating was the proximate or remote cause of the damage complained of."

In the more recent case of Mellette v. Atlantic Coast Line R. Co., 181 S.C. 62, at page 66, 186 S.E. 545, at page 547, the Supreme Court of South Carolina said: "The liability of a railroad company for the results of communicated fires is, under section 8362, 1932 Code, (1942 Code) absolute. No question of negligence or due care can arise. If it be established that the fire originated upon the right of way in consequence of the acts of any authorized agent or employee of the railroad company, or that it was communicated by its engines, the company is liable in damages for the subsequent injury."

Thus, the principle is laid down by the South Carolina decisions that where a statute imposes a liability under certain conditions therein prescribed the only question is whether such conditions are found to exist in a given case, and not whether, under the general law, apart from the provisions of the statute, liability would exist. Wragge v. South Carolina & G. R. Co., 47 S.C. 105 at page 111, 25 S.E. 76, at page 82, 33 L.R.A. 191, 58 Am.St.Rep. 870.

Under the South Carolina decisions, contributory negligence is the want of ordinary care upon the part of a person injured by the actionable negligence of another, combining and concurring with that negligence, and contributing to the injury as the proximate cause thereof, without which the injury would not have occurred. Wilson v. Southern Ry., 73 S.C. 481, at page 500, 53 S.E. 968, at page 975; Lawrence v. Southern Ry., Carolina Division, 169 S.C. 1, 167 S.E. 839.

In the case of Wilson v. Southern Ry., 73 S.C. 481, at page 500, 53 S.E. 968, at page 975, the South Carolina Supreme Court said: "It is thus seen that contributory negligence by plaintiff can never exist except when the injury has resulted from the negligence of the defendant as a 'concurring proximate cause.' In Bowen v. Southern Ry. Co., 58 S.C. [222], 228, 36 S.E. 590, this exact definition has been adopted by the Court. In Easler v. [Southern] Ry. Co., 59 S.C. [311], 322, 37 S.E. [938], 941, where the definition in the two previous cases of Cooper and Bowen was adopted, Chief Justice McIver remarked as follows: 'From this as well as what is said in Farley

v. [Charleston] Basket & Veneer Co., 51 S.C. [222], 237, 28 S.E. 193 [401], and in Disher v. [South Carolina & G.] R. Co., 55 S.C. [187], 192, 193, 33 S.E. 172, it is apparent that the definition of contributory negligence can only arise when the injury complained of is the compound result of both plaintiff and defendant, both contributing to such result by their combined and concurrent action as a proximate cause of the injury. Hence, as is said by the late Judge McGowan, in Simms v. [South Carolina] Ry. Co., 26 S.C. [490], 497, 2 S.E. [486], 490, "Until a prima facie case of negligence is made out against the defendant there can be no such question as that of contributory negligence on the part of the plaintiff." ' "

■ Contributory negligence to be a good defense must admit negligence and avoid liability on the ground of concurring negligence of the other party. Lawrence v. Southern Railway, Carolina Div., supra.

■ It appears, therefore, that the liability of a railroad company for the results of communicated fires is, under the statute, absolute; no question of negligence, due care, proximate cause, or remote cause can arise in an action under the statute; the only question is whether the conditions under the statute are found to exist, and not whether, under the general law, apart from the provisions of the statute, liability would exist. It seems to me to follow, therefore, that there can be no defense of contributory negligence on the part of the plaintiff in this case. For the same reasons there can be no question of contributory wilfullness. The motion to strike this defense will therefore be granted.

The second question concerns the validity of a written contract between the plaintiff and the defendant in which the defendant agreed that it would operate with its engines and cars for the purpose of affording unto the plaintiff facilities for the receipt and shipment of its freights in carload quantities over the lines of the defendant and its connections a certain industrial track at Spartanburg, South Carolina, which springs from the Columbia division main track of the defendant; in consideration of which the plaintiff agreed that it would indemnify and save harmless the defendant against any and all claims, demands, suits, judgments, or sums of money accruing for loss or damage by fire communicated by locomotive engines or trains of the defendant to buildings used by the plaintiff in connection with the business served by said industrial track, or to the contents of such buildings, or to other property stored by or with the consent of the plaintiff upon or near said track. The defendant stipulated for this protection as a condition of its agreement therein expressed to afford the above described terminal services and facilities to the plaintiff elsewhere than at its regular station.

■ The South Carolina Supreme Court has held in a number of cases that a written contract in which a railroad company agrees to furnish certain facilities on an industrial track in consideration of an agreement to indemnify and save harmless the railroad company against any and all claims accruing for loss or damage by fire communicated by locomotive engines or trains of the railroad company to buildings used in connection with the business served by the industrial track is a valid contract, and is not against public policy. Mayfield v. Southern Railway, 85 S.C. 165, 67 S.E. 132; Batesburg Cotton Oil Co. v. Southern R. Co., 103 S.C. 494, 88 S.E. 360; Williams v. Hines, 128 S.C. 102, 121 S.E. 600; Palmetto Lumber Co. v. Southern Ry., 154 S.C. 129, 151 S.E. 279; Savannah Bldg. Supply Co. v. Atlantic Coast Railroad Co., 85 S.C. 405, 67 S.E. 1135; German-American Ins. Company v. Southern Railway, 77 S.C. 467, 58 S.E. 337, 12 Ann.Cas. 495; Salley Oil Mill v. Southern Ry.—Carolina Division, 108 S.C. 131, 93 S.E. 336; Hill v. Southern R. Co., 131 S.C. 159, at page 165, 126 S.E., 642, at page 644.

It was contended in Palmetto Lumber Co. v. Southern Ry., 154 S.C. 129, 151 S.E. 279, that Section 4917, Code of Laws of South Carolina 1922, (Section 8369, Code of Laws 1942) providing "That any contract, rule, regulation or device whatsoever, the purpose or intent of which shall be to enable any common carrier to exempt itself from any liability created by this Article, shall to that extent be void", of

necessity prevents a railroad company from limiting its liability as to fire damages under Section 8362, Code of Laws 1942. In a very able and well-considered opinion in this case by the Honorable Clint T. Graydon, Acting Associate Justice of the Supreme Court of South Carolina, it was held that Section 4917, Code of Laws 1922, did not refer to Section 4910 (now Section 8362, Code of Laws 1942) but only to that part of Article 7, which includes the Employers' Liability Act, and, therefore, would not prevent railroad companies from contracting against liability for loss or damages by fire communicated by locomotive engines to buildings used in connection with business served by an industrial track.

Counsel for the plaintiff, however, contend that the written contract applies only in case of a fire communicated from the defendant's engines while said engines were on the industrial track, and that it has no application to fires communicated from engines on defendant's main line, as was the case here.

This contention cannot be sustained because the Supreme Court of South Carolina in the Mayfield case, supra [85 S.C. 165, 67 S.E. 133], said: "The exemption which the parties saw fit to express in their contract, was 'for loss or damage by fire communicated by locomotive engines or trains of the railway company to buildings,' etc. It would have been difficult to use broader or more comprehensive language, covering fires communicated by any locomotive or train, whether on the main track or on the spur track. The court cannot insert in the contract restrictive words which the parties saw fit to omit, and, unless such words be inserted, there is no escape from holding the exemption to embrace fires communicated by the defendant's locomotives wherever they may be."

Under the foregoing South Carolina decisions I must conclude that the written contract alleged in defendant's answer constitutes a good defense to plaintiff's cause of action. Motion to strike defendant's second affirmative defense will therefore be denied.