**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

River City Developers, LLC, Appellant,

v.

The Marshes at Lady's Island Homeowners' Association, Bundy Appraisal and Management, First Green, LLC, Tige Howie, and Stephen Scott, Respondents.

Appellate Case No. 2019-000928

———————

Appeal From Beaufort County
Marvin H. Dukes, III, Master-in-Equity

———————

Unpublished Opinion No. 2022-UP-235
Submitted April 1, 2022 – Filed June 1, 2022

———————

**AFFIRMED**

———————

Stephen A. Spitz and Irish Ryan Neville, both of Spitz & Neville, LLC, of Charleston, for Appellant.

Kevin W. Mims and John Barnwell Fishburne, Jr., of Luzuriaga Mims, LLP, and Michael A. Timbes, of Thurmond Kirchner & Timbes, PA, all of Charleston, for Respondents.

———————

**PER CURIAM:**   In this declaratory judgment action, Appellant River City Developers, LLC (Owner) seeks review of an order of the Master-in-Equity granting summary judgment to Respondents.  We affirm.

1.     As to whether the circuit court erred by concluding that Owner's five lots within The Marshes at Lady's Island are subject to the Declaration of Covenants, Conditions, and Restrictions for The Marshes (the Declaration), the Declaration is reasonably susceptible to only one interpretation.  *See S.C. Dep't of Nat. Res. v. Town of McClellanville*, 345 S.C. 617, 623, 550 S.E.2d 299, 302 (2001) ("A contract is ambiguous when the terms of the contract are reasonably susceptible of more than one interpretation."); *id.* at 622, 550 S.E.2d at 302 ("Restrictive covenants are contractual in nature . . . ." (quoting *Taylor v. Lindsey*, 332 S.C. 1, 4, 498 S.E.2d 862, 863 (1998))); *id.* at 623–24, 550 S.E.2d at 302–03 (applying the rules of contract construction to a restrictive covenant in a deed).  The plain language of the Declaration as a whole indicates that Owner's five lots are subject to the Declaration's provisions.

2.     As to the procedural propriety of summary judgment in this case, we affirm pursuant to Rule 220(b), SCACR, and the following authorities:  *Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [circuit court] to be preserved for appellate review."); *Mellette v. Atl. Coast Line R. Co.*, 181 S.C. 62, 64, 186 S.E. 545, 547 (1936) ("[T]he theory pursued in the [circuit] court with respect 'to the relief sought and grounds therefor' must be adhered to in the appellate court." (quoting *Wilson v. S. Ry. Co., Carolina Div.*, 123 S.C. 399, 408, 115 S.E. 764, 767 (1923))); Rule 56(c), SCRCP (providing that summary judgment shall be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law"); *W. Anderson Water Dist. v. City of Anderson*, 417 S.C. 496, 503, 790 S.E.2d 204, 207 (Ct. App. 2016) ("When the language of a contract is clear and unambiguous, the determination of the parties' intent is a question of law for the court."); *Houck v. State Farm Fire & Cas. Ins. Co.*, 366 S.C. 7, 11, 620 S.E.2d 326, 329 (2005) ("The mere fact that a case involves a novel issue does not render summary judgment inappropriate.").

**AFFIRMED.**[1]

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

**GEATHERS and HILL, JJ., and LOCKEMY, A.J., concur.**