6642

YARBOROUGH v. SOUTHERN RY.

1. RAILROADS—FREIGHT—NONSUIT.—From the evidence in this case the jury might infer consent on the part of the railway company to the cotton being placed on its platform before ready for shipment.

2. IBID.—IBID.—CHARGE.—There being evidence here on the issue whether the railway company consented to having cotton placed on its platform before ready for shipment, it was a charge on the facts for the Judge to instruct the jury they could properly infer such consent from agent's being informed the cotton was so placed and making no objection.

Before PRINCE, J., Fairfield, October, 1906.  Reversed.

Action by Benj. H. Yarborough against Southern Ry. From judgment for plaintiff, defendant appeals.

*Messrs. B. L. Abney, J. E. McDonald* and *W. H. Townsend,* for appellant.  No citations.

*Messrs. Ragsdale & Dixon,* contra, cite: 24 S. C., 369.

September 7, 1907.  The opinion of the Court was delivered by

MR. JUSTICE WOODS.  This defendant appeals from a judgment for one hundred and eighty-five dollars and sixty-five cents recovered, under section 2135 of Civil Code, for the partial burning of four bales of cotton on the defendant's platform at Alston, S. C., by a fire set out by one of defendant's locomotives.

The issues of fact bearing on the appeal are: (1) Was the cotton placed on the platform without the defendant's

consent? And (2) if with defendant's consent, was the consent accompanied by notice that the cotton would be at the owner's risk? The plaintiff testified he was hauling a lot of nine bales of cotton to the railroad for shipment to a purchaser, intending to take out a bill of lading as soon as the other five bales could be hauled; and when four of the nine bales were placed on the platform the fire occurred. He further testified to telling the agent of the four bales being on the platform and his intention to haul the remaining five before taking a receipt, and to the agent failing to object to his plan. The railroad agent testified that the following notice over the names of the general freight agents of the railroad had been posted on the depot a month before the fire: "Notice to the public: All persons are hereby forbidden to place cotton upon the premises of this company until the same shall have been tendered to and accepted by this company for shipment." The plaintiff and his witnesses denied having ever seen such a notice, though frequently at the depot on business. The agent further testified he had notified the plaintiff that cotton placed on the platform would be at his risk until tendered to the company and received by it, and he denied any positive knowledge of plaintiff's four bales being on the platform, and any recollection of the plaintiff telling him of it. He admitted his custom was to allow separate portions of a single shipment of cotton to be placed on the platform, and to delay giving the bill of lading until the whole had been hauled; his understanding being that the cotton was at the risk of the owner until delivery of the bill of lading.

From this statement of the evidence, it is obvious there was some testimony from which the jury might infer consent of the railroad company to the cotton being placed on its premises; and the motion for nonsuit was properly refused.

The Circuit Judge laid down in his charge, the proposition that the jury might properly infer the consent of the railroad company to the placing of property on its platform,

from the fact,that an agent has notice of its being placed there and makes no objection. In view of the issues made on the trial, we think this was a charge on the facts. According to the testimony adduced by the defendant, there was conspicuously posted a notice forbidding all persons to place cotton on the premises of the company until tendered and accepted for shipment. It was for the jury to say whether the paper was so posted as to give notice to all shippers. If it did give such notice to the shipper, then evidently it cannot be laid down as a proposition of law—a rule of evidence—that the inference of consent could be fairly drawn from the failure of the railroad company to hunt up each individual known by its agents to have disregarded its public notice, and again notify him of its refusal to consent to his placing his property on the premises before he was ready to have it shipped. Whether such inference could be fairly drawn from failure to make specific objection in each case was entirely a question of fact for the jury, upon which the Constitution forbids a Circuit Judge to express an opinion.

The judgment of this Court is, that the judgment of the Circuit Court be reversed and the cause remanded for a new trial.