8022a

GRIFFIN v. ATLANTIC COAST LINE R. R. CO.

RAILROADS—FIRES—ISSUES.—Where after service of notice that a railroad company would not be responsible for cotton placed on its premises unless placed for immediate shipment, the evidence tends to show that shipper was informed by the same agent who gave the notice that it was not intended to apply to him, and after shipper had been procuring bills of lading for small lots, he was informed by the agent that he might go ahead and complete the shipment in a reasonable

time, the issue of the carrier consenting to placing the cotton on the premises, where it was destroyed by 'fire, within 'the meaning of section 2135 of the Code was properly sent to the jury.

Before PRINCE, J., Sumter, November, 1910. Affirmed.

Action by T. N. Griffin against Atlantic Coast Line Railroad Company. Defendant appeals.

*Messrs. Mark Reynolds* and *Lucian W. McLemore,* for appellant. *Mr. McLemore* cites: *Carrier may contract against its liability for loss by fire:* 77 S. C. 467; 78 S. C. 103; 33 Cyc. 1330; 85 S. C. 165, 405, 409; 164 U. S. 403; 175 U. S. 91; 68 S. W. 411; 24 L. R. A. 647; 70 L. R. A. 930. *No act of waiver by carrier:* 63 S. C. 197; 88 S. C. 221; 70 S. C. 23; 29 Ency. 1095, 1096; 29 Ency. 1097; 76 S. C. 476; 78 S. C. 103; 81 S. C. 567; 87 S. C. 258.

*Mr. Thos. G. McLeod,* contra. No citations.

November 1, 1911. The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES. This action was for the recovery of damages for the destruction by fire of certain cotton belonging to plaintiff, while upon the platform of the defendant company within the limits of its right of way. There was evidence to the effect that notice had been given to the plaintiff that the defendant assumed no risk for cotton so placed, unless same was tendered for immediate shipment, but that such cotton would be entirely at the owner's risk. The evidence also showed that the cotton in question was placed upon such platform, subsequent to the giving of such notice and without any tender thereof for immediate shipment, and was subsequently destroyed by fire originating within the limits of defendant's right of way. There was also testimony which is claimed by plaintiff as tending to

show that, notwithstanding such notice, the cotton in question was placed upon said platform "with the consent" of the defendant within the meaning of section 2133 of the Civil Code.

At the conclusion of the entire testimony in the case, the defendant moved for a direction of a verdict in its favor upon the ground that the evidence admitted of no other inference but that the cotton was placed upon the defendant's platform, either without its consent, or if with its consent, then upon the understanding between the parties that it was so placed at the entire risk of the plaintiff himself. This motion was refused by the presiding Judge, it being held by him that while the evidence showed that the cotton was so placed upon the platform after such notice given by the defendant, there was still testimony to go to the jury upon the question of waiver by the defendant of the terms and requirements of such notice. The appeal questions the correctness of this refusal to direct a verdict in favor of the defendant.

Substantially the question presented for determination is whether there was evidence to go to the jury upon the issue as to the defendant's consent to placing the cotton upon the platform as cotton intended for shipment. If the cotton was accepted for shipment, whether such shipment was intended to be immediate or remote, the placing of the same upon the platform would render the defendant responsible for any damage thereto from any fire originating within the right of way, unless the plaintiff had released the defendant from such liability. The defendant could waive its own rule that it would not accept cotton upon its platform or right of way unless intended for immediate shipment, and could notwithstanding its rule, accept the same intended for shipment not immediately but at some future time, in which case the cotton would clearly be upon the right of way with the consent of the defendant, within the meaning of the word "con-

sent" as used in the statute. *Yarborough* v. *Railway,* 78. S. C. 103, 58 S. E. 936.

It is not questioned that the fire originated within the right of way of the defendant company and that defendant would be responsible for the damage to the cotton, if the same had been placed on the platform for immediate shipment, and the case just cited shows that the defendant would be liable for such damage, if the cotton was accepted for shipment, though such shipment was not intended to be immediate, notwithstanding its stipulation by notice that it would not accept cotton unless for immediate shipment. The notice given in this case was substantially the same as that which was shown in the case of *Yarborough* v. *Railway,* 78 S. C. 103, 58 S. E. 936.

In that case the notice was in substance to the effect that the railroad company would not be responsible for cotton placed on the platform until the same was "tendered to and accepted by the company for shipment." In the case at bar the notice was to the effect that the defendant would not be responsible for cotton placed on its platform until the cotton "is placed for immediate shipment."

There was testimony tending to show that, subsequent to the service of the notice already mentioned, plaintiff's agent was informed by the same agent of the defendant through whom such notice had been given, that the same was not intended to apply to plaintiff; and there was also testimony to the effect that, after plaintiff had been procuring, in compliance with such notice, the issuance by defendant of bills of lading for small lots of cotton at brief intervals, he or his agent was informed by defendant's agent that bills of lading need not be procured for contemplated shipments until the entire shipment was ready, such testimony tending to show the resumption of a previously existing course of dealing between the parties by which cotton was placed for shipment upon defendant's platform in small lots from day to day and

bills of lading therefore were issued from time to time when any lot was completed for shipment.

The evidence of the plaintiff's agent was that the defendant's agent instructed him to "go ahead and complete the lots in a reasonable time," and that this instruction was given with reference to the lot of cotton intended for shipment and had relation to the time when bills of lading should be procured for the same; and there was testimony tending to show that this instruction was given to save the necessity for issuing daily bills of lading for small lots of cotton. There was also testimony from which the inference might be drawn that the cotton here in question and which was destroyed by fire while upon the defendant's platform was so intended for ultimate shipment and was so placed in pursuance of the instructions of defendant's agent.

The judgment of the Circuit Court is therefore affirmed.

MR. JUSTICE WOODS *did not sit in this case.*